## JOSEPH LIVELY *vs.* JASON A. RICE.

Franklin.    September 18, 1889. — November 27, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Deed — Covenant of Warranty — Mortgage — Assumption by Grantee.*

A deed of land to S. recited that the grantor was seised in fee of the "granted premises, that they are free from all incumbrances, except two mortgages, . . . which mortgages said S. assumes and agrees to pay," and contained a covenant " to warrant and defend the same " in the usual form. *Held*, that the covenant of warranty applied to the grantor's equity of redemption only, and that the grantor, upon non-payment of one of the mortgages and its foreclosure, did not become liable to the grantee for breach of that covenant.

CONTRACT to recover for breach of the covenant of warranty in a deed of land given by the defendant. The case was sub-

mitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, which so far as material appear in the opinion.

*S. Sanders*, for the plaintiff.

*S. T. Field*, for the defendant.

MORTON, C. J. On May 10, 1888, the defendant was the owner of a piece of land in Rowe, which was subject to two mortgages made by him. On that day he conveyed the land to one Sanders. The covenants in the deed are as follows: " And I do hereby, for myself and my heirs, executors, and administrators, covenant with the grantee and his heirs and assigns, that I am lawfully seised in fee simple of the granted premises, that they are free from all incumbrances, except two mortgages, one held by Jason C. Rice of Shelburne Falls, Mass., for twelve hundred dollars, and one held by Luther Keyes of Greenfield, Mass., for five hundred dollars, which mortgages said Sanders assumes and agrees to pay; that I have good right to sell and convey the same as aforesaid, and that I will, and my heirs, executors, and administrators shall, warrant and defend the same to the grantee and his heirs and assigns forever against the lawful claims and demands of all persons."

On April 4, 1889, said Sanders conveyed the premises to the plaintiff by a deed in which he covenanted " that I am lawfully seised in fee of the aforesaid premises; that they are free of all incumbrances, except two mortgages, one held by Jason C. Rice of Shelburne Falls, Mass., twelve hundred dollars, and one held by one Keyes for five hundred dollars, which mortgages said Lively assumes and agrees to pay." Afterwards Jason C. Rice, the holder of the first mortgage, demanded payment of his mortgage, and notified the plaintiff that, if it was not paid, he should foreclose the mortgage. The plaintiff neglected to pay the mortgage, and it was duly foreclosed by sale. He contends that this foreclosure was an eviction, and that he is entitled to recover the value of the land of the defendant under his covenant of warranty in the deed to Sanders.

It was the duty of the plaintiff to pay the Rice mortgage; he now seeks to found upon his own violation of duty a claim against the defendant. The rules of law do not lead to any such unjust and absurd result. Taking the whole deed together,

it is clear that it is not the intention or the scope of the covenant of warranty to embrace the two mortgages and warrant against them. In construing a deed, as in construing other contracts, the primary object and duty of the court are to ascertain what is the intention of the parties, and to carry it into effect, unless there are fixed rules of law which make it impossible. If the intention can be clearly discerned, and it is lawful, the court will carry it into effect. It is too clear to admit of any doubt, that it was the intention of the parties that the covenant of warranty in the deed to Sanders should not apply to the mortgages. The provision that the grantee is to assume and pay the mortgages is consistent only with this intention, and shows clearly that the parties understood that Sanders was buying the equity of redemption, and not the land free from the mortgages. The deed is carelessly drawn, but the intention is, beyond reasonable doubt, to convey the land subject to the two mortgages. To effectuate this plain intention of the parties, the covenant of warranty must be taken in a limited sense, and, as the parties plainly meant, must apply only to the equity of redemption. *Allen* v. *Holton*, 20 Pick. 458. *Sweet* v. *Brown*, 12 Met. 175. *Howard* v. *Chase*, 104 Mass. 249.

The case at bar differs from the case of *Estabrook* v. *Smith*, 6 Gray, 572, in the fact that in the deed in that case there was no provision that the grantee should assume and pay the mortgage, and the court did not find evidence of a clear intention that the grantee should take the premises subject to the mortgage. This difference is vital, as the existence of such a provision in the case at bar shows clearly that it was the intention of the parties that the grantee should pay the mortgages, and that the grantor was not to be called upon to warrant or indemnify the grantee against them.

*Judgment for the defendant affirmed.*