GEORGE S. TABER *vs.* BEAUDETTE AND GRAHAM COMPANY.

Suffolk.    November 11, 17, 1927.— January 5, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, Construction, Performance and breach, Waiver.   *Waiver.*

In an action of contract for breach of an express warranty in a contract of sale of a refrigerating machine by the defendant to the plaintiff, it appeared that the contract provided that the machine should have sufficient piping to "keep temperature between 35 and 39 degrees in the Meat Box" (the quoted words being in writing on a printed form) and that the defendant guaranteed that the machine when supplied with the required amount of power and ample water at a certain temperature would have a capacity equal to the melting of one ton of ice every twenty-four hours of operation.   There also was a paragraph headed "Acceptance" in the following terms: "The Superintendent of Erection will not leave the job until the machine and equipment above described is performing in accord with this contract and the Purchaser has accepted the equipment and installation in writing, such acceptance constituting a waiver for all further claims of whatsoever nature." At the end of a document called an "Installation Report" which contained recitals as to material used, time spent on the job by various men, and a statement that "Thermostat in meat box [was] set at 35°," was a paragraph entitled "Customer's Approval," signed by the plaintiff and in the following terms: "Installation satisfactory and I understand the adjustment of the thermostat, the oiling and the general care of the . . . Machine.   I have received a copy of printed instructions." *Held*, that

    (1) The acceptance of the installation in these circumstances, although annexed to the installation report, must have been understood to include an acceptance of the equipment installed;

    (2) The rules of construction, that, where a contract in writing contains inconsistent provisions, a clause which requires something to be done to effect the general purpose of the contract is entitled to greater consideration than one which tends to defeat a full performance, and that if the true import and meaning of the language of an instrument are in doubt it will be construed most strongly against the person using the uncertain language, and that, in case of repugnancy, written provisions prevail over those that are printed, were not controlling, since the agreement to furnish sufficient piping to keep the temperature at a cer-

tain number of degrees, and the agreement that a written acceptance of the equipment and installation should be a waiver of all further claims, were not necessarily repugnant, but might stand together;

(3) There was no repugnancy between the provision in the contract giving a legal right and the provision that in a certain event the right would be waived;

(4) By signing the acceptance the plaintiff waived the breach of warranty upon which he relied.

CONTRACT for breach of an express warranty in a contract of sale. Writ in the Municipal Court of the City of Boston dated July 14, 1926.

On removal to the Superior Court, the action was tried before *Greenhalge,* J. Material evidence is stated in the opinion. In answers to special questions, the jury found that there was a breach of the warranty and that the damages resulting to the plaintiff were $3,000. On motion by the defendant, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. B. Leach, Jr.,* for the plaintiff.

*R. H. Cahouet,* for the defendant, submitted a brief.

SANDERSON, J. This is an action of contract to recover for breach of warranty in the sale of a refrigerating machine. In their answers to questions submitted, the jury found that there was a breach of warranty and that the plaintiff was damaged thereby in the sum of $3,000. The judge then, upon motion of the defendant, directed a verdict in its favor with the stipulation of the parties that if the Supreme Judicial Court should sustain the plaintiff's exception to that order, judgment should be entered for the plaintiff in the sum found by the jury.

It appeared that the plaintiff was the owner of a market in New Bedford; that under a written contract he purchased a refrigerating machine with sufficient piping to "keep temperature between 35 and 39 degrees in the Meat Box," and the defendant guaranteed that the machine when supplied with the required amount of power and ample water at certain temperature would have a capacity equal to the melting of one ton of ice every twenty-four hours of operation. It is agreed that the jury could have found upon conflicting evidence that there was a breach of the guaranty that the ma-

chine would keep the stated temperature in the meat box, and a breach of the guaranty that the machine would have the capacity stated; that notice of the breaches was given within a reasonable time; and that the plaintiff had done all things by him to be done under the contract. The bill of exceptions states that the only question intended to be raised is, whether the paragraph of the contract entitled "Acceptance," together with the signing by the plaintiff of the "Customer's Approval" on the "Installation Report," is a bar to recovery.

The paragraph headed "Acceptance" is in the following terms: "The Superintendent of Erection will not leave the job until the machine and equipment above described is performing in accord with this contract and the Purchaser has accepted the equipment and installation in writing, such acceptance constituting a waiver for all further claims of whatsoever nature." The signed acceptance relied upon appeared at the end of the document called the "Installation Report," in which the number of rings and the number of radiators were given, the time spent by the various men on the job, the statement that "Thermostat in meat box [was] set at 35°," and, under the heading "Material Used," reference was made to a separate folder. This acceptance was entitled "Customer's Approval" and was in the following terms: "Installation satisfactory and I understand the adjustment of the thermostat, the oiling and the general care of the Isko Machine. I have received a copy of printed instructions"; and it was signed "Geo. S. Taber."

It appeared that the contract and the acceptance signed by the plaintiff were on printed forms used by the defendant company with certain terms written in by it, and that following the printed words, "The Company agrees to furnish sufficient piping for the following," were written the words "Meat Box . . . keep temperature between 35 and 39 degrees in the Meat Box."

The subject matter of the contract was a refrigerating machine to be installed at the plaintiff's place of business in accordance with the specifications mentioned in the contract. The defendant agreed to furnish a superintendent

of erection to have charge of the plant and start the same and see that everything was in good running order, who should operate the plant three days before turning it over to the purchaser.

One of the plaintiff's contentions is that the acceptance was of the installation only, that the contract provided that to constitute a waiver there must be an acceptance of the "equipment and installation." The word "equipment" is used several times in the contract, sometimes in conjunction with the word "machine," referring to the refrigerating machine, sometimes with the word "installation," and sometimes by itself with the apparent purpose of including machine and everything supplied by the defendant for the installed machine. The plaintiff must have signed the customer's approval with the knowledge that the defendant's superintendent was not to leave the job until the machine with its equipment was operating in accordance with the contract and the purchaser had accepted the equipment and installation in writing. The acceptance of the installation under these circumstances, although annexed to the installation report, must have been understood to be an acceptance of the equipment installed, meaning thereby everything installed. The thermostat had been installed and the plaintiff understood its adjustment. It is not probable that the plaintiff would have accepted the installation as satisfactory until he was satisfied that the installed machine was accomplishing the results for which the contract called. The signing of the acceptance under the circumstances could hardly have been intended to mean anything else. The defendant had a right to rely on this acceptance as the one which by the terms of the contract was to be a waiver of all further claims.

The plaintiff also contends that the clause of the contract relating to the waiver by acceptance must fail because repugnant to the warranty that the machine would keep a specified temperature in the meat box, and urges in support of this contention that the waiver clause contemplates a waiver soon after the installation, while the word "keep", imports continuity of performance and cannot be given this

meaning if the waiver clause is effective. He further contends that, the waiver clause being a part of the printed form, should be held to be invalid because repugnant to the agreement to furnish the meat box with piping to "keep temperature between 35 and 39 degrees" which were written words inserted in the printed form.

In *Morrill & Whiton Construction Co.* v. *Boston,* 186 Mass. 217, the court said in substance that, where a contract in writing contains inconsistent provisions, a clause which requires something to be done to effect the general purpose of the contract is entitled to greater consideration than one which tends to defeat a full performance. The rule of construction that if the true import and meaning of the language of an instrument are in doubt it will be construed most strongly against the person using the uncertain language, *New York Central Railroad* v. *Stoneman,* 233 Mass. 258, is to be resorted to only when all other rules of construction fail. *Aldrich* v. *Bay State Construction Co.* 186 Mass. 489. It also has been held that in case of repugnancy written provisions prevail over those that are printed. *Thomas* v. *Taggart,* 209 U. S. 385.

But none of these principles are controlling in this case. An agreement to furnish sufficient piping to keep the temperature at a certain number of degrees, and an agreement that a written acceptance of the equipment and installation shall be a waiver of all further claims, may stand together. They are not necessarily repugnant to each other.

A party to a contract may bind himself to waive a legal right. There is no repugnancy between a provision in a contract giving a legal right and a provision in the same contract that in a certain event the right will be waived. It is to be noted that there is no definite time stated during which the machine would keep the meat box at the stated temperature, and the plaintiff was under no obligation to sign the acceptance until he was satisfied that the machine would keep the ice box at the stipulated temperature.

By signing the acceptance the plaintiff waived the breach of warranty upon which he relies.

*Exceptions overruled.*