## NELLIE T. FLYNN & another *vs.* WILLIAM A. KENRICK & another.

Middlesex. December 8, 1933. — February 23, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract,* What constitutes, Construction, For sale of real estate. *Deed,* Construction. *Words,* "Balance above mortgage," "For consideration paid."

In this Commonwealth, where land is conveyed subject to a mortgage, the grantee does not become bound by mere acceptance of the deed to pay the mortgage debt; but, if the deed contains statements that the land is subject to a mortgage and that the grantee assumes and agrees to pay it, the grantee, upon acceptance of the deed, becomes obligated so to do; and the same rule of law applies if, although the deed contains no such express statement of agreement, such a promise arises by implication from other language in the deed and conduct of the parties.

At the hearing without a jury of an action by the seller against the buyer of real estate to recover a sum which the plaintiff had been obliged to pay as a deficiency remaining on a mortgage note after a foreclosure sale under the mortgage, it appeared that the contract of sale between the plaintiff and the defendant required a conveyance free from all encumbrance except said mortgage, which was in the sum of $5,000, and that the defendant pay for the conveyance "the sum of $6,500 of which $100 have been paid this day, balance above mortgage, are to be paid in cash upon the delivery of said deed"; that the conveyance was "for consideration paid" and was subject to the mortgage; that the entire amount of cash paid was $1,500; that there was no express statement in the deed that the defendant assumed and agreed to pay the mortgage; and that the defendant took possession and thereafter paid several instalments of interest on the mortgage. The judge found and ruled that the agreement and the deed sufficiently imported that the defendant was to assume and pay the mortgage and save the plaintiff harmless therefrom; and found for the plaintiff. *Held,* that the findings and rulings were right.

CONTRACT. Writ in the First District Court of Eastern Middlesex dated January 21, 1933.

On removal to the Superior Court, the action was heard by *Greenhalge,* J., without a jury. Material facts are stated in the opinion. There was a finding for the plain-

tiffs in the sum of $689.05. The defendants alleged exceptions.

The case was submitted on briefs.

*M. Rosenblatt*, for the defendants.

*M. R. Flynn & J. F. Maher*, for the plaintiffs.

CROSBY, J. This is an action of contract heard by a judge of the Superior Court without a jury. The declaration alleges, in substance, that the plaintiffs through their authorized agents on August 15, 1930, entered into a contract with the defendants, by which the plaintiffs agreed to sell and the defendants to purchase certain real estate situated in Malden. Thereafter, on August 29, 1930, in accordance with the contract the property was deeded by the plaintiffs to the defendants. It is further alleged that the defendants entered into possession of the property and continued in possession until October, 1932. The agreement contained the following recital: "Said premises are to be conveyed on or before Sept. 1st, 1930 by a good and sufficient warranty deed of the party of the first part, conveying a good and clear title to the same, free from all incumbrances except a first mortgage of $5000 held by Hill Trustee, dated July 7, 1924, and for such deed and conveyance the party of the second part is to pay the sum of Sixty-five Hundred dollars of which One Hundred dollars have been paid this day, balance above mortgage, are to be paid in cash upon the delivery of said deed." The case was submitted to the trial judge upon an agreed statement of facts which recites that the deed was given in pursuance of the contract; that the defendants entered into possession of the property on or about the date of the deed and continued in possession until June, 1932; that the defendants paid the interest instalments payable on the mortgage to Nathaniel G. Hill, trustee, until the instalment which was due July 7, 1932. As a result of the failure of the defendants to pay this instalment the mortgage was foreclosed and the property was sold for $4,500, leaving a deficiency which the plaintiffs say they were obligated to pay on a promissory note in the sum of $5,000 secured by said mortgage. In June, 1932, the defendants vacated the

premises and returned the keys to the mortgagee. It was agreed at the trial in open court that, if the plaintiffs were entitled to recover, the amount due was $689.05.

The judge made the following findings and rulings: "Upon the agreed statement of facts and the exhibits attached to the declaration, I rule that the court has the power to inquire what the actual consideration was and to receive evidence thereon. I find that the words 'for consideration paid' as used in the deed mean the entire purchase price mentioned in the agreement of sale as $6,500 and consisting of $1,500 in cash, less certain adjustments. $5,000 made up of the first mortgage, subject to which the sale was made, and I rule that the agreement and the deed sufficiently import that the defendants were to assume and pay the mortgage and save the sellers harmless thereon." Accordingly he found for the plaintiffs. The defendants paid the plaintiffs $100 on delivery of the agreement, and $1,400 on delivery of the deed, these payments being the amount of the purchase price above the mortgage. The question for decision is whether under the agreement the defendants assumed and agreed to pay the mortgage, or whether, as the defendants contend, they purchased the property subject to the mortgage, but did not agree to pay it.

It has long been held in this Commonwealth that where land is conveyed subject to a mortgage the grantee does not become bound by mere acceptance of a deed to pay the mortgage debt. In the absence of other evidence, the deed shows that the grantee merely purchased the equity of redemption. *Strong* v. *Converse*, 8 Allen, 557, 559. *Fiske* v. *Tolman*, 124 Mass. 254. *Maksymiuk* v. *Puceta*, 279 Mass. 346, 352, 353. If a deed contains a stipulation that the land is subject to a mortgage which the grantee assumes or agrees to pay, by his acceptance of the deed the law implies a promise to perform his promise. *Furnas* v. *Durgin*, 119 Mass. 500, 506, 507. The contention of the defendants that they purchased merely the plaintiffs' equity of redemption and did not assume and agree to pay the mortgage cannot be sustained in view of the agreement,

the deed, and the agreed facts. The agreement recites that the defendants for such conveyance are to pay "the sum of Sixty-five Hundred dollars of which One Hundred dollars have been paid this day, balance above mortgage, are to be paid in cash upon the delivery of said deed." It thus appears that for the deed and conveyance the defendants agreed to pay the sum of $6,500; that $100 was paid on the date of the agreement, and on delivery of the deed $1,400 was to be paid. The words "balance above mortgage" properly construed mean that the defendants having paid $100 obligated themselves to assume and pay the mortgage, and that the balance above the mortgage of $1,400 is to be paid upon the delivery of the deed. The words of the deed "for consideration paid" interpreted in the light of the agreement mean that the defendants under the terms of the agreement are to pay $6,500 as the entire consideration. *Drury* v. *Tremont Improvement Co.* 13 Allen, 168. This seems to have been the construction put upon the agreement and the deed by the parties, as it is agreed that after the defendants entered into possession of the property they paid the interest instalments on the mortgage until July 7, 1932. The agreement of the defendants to pay $6,500 for the property is equivalent to a stipulation that they assumed or agreed to pay the mortgage. *Maksymiuk* v. *Puceta*, 279 Mass. 346, 352, 353. See *Bray* v. *Hickman*, 263 Mass. 409, 414. We are of opinion that the trial judge rightly found and ruled that the agreement and deed sufficiently import that the defendants were to assume and pay the mortgage and save the sellers harmless thereon.

*Exceptions overruled.*