### MORRIS GERBER *vs.* LENA BERSTEIN.

Essex.    January 13, 1936. — July 3, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Trust,* Conveyance by trustee, Personal liability of trustee. *Deed,* Parties, Of real estate subject to mortgage, Covenant. *Contract,* Parties, To assume and pay mortgage, Consideration, Performance and breach. *Practice, Civil,* Parties, Ordering verdict. *Assignment. Damages,* For breach of contract.

One, who had mortgaged a parcel of real estate to secure notes given by himself and then had conveyed the parcel to a third person who on the same day had reconveyed it to him as trustee for a real estate trust, each deed stating that the conveyance was subject to the mortgages, and who executed and delivered a warranty deed of the parcel subject to the same mortgages, naming as the grantors therein himself "individually, and as trustee," was, irrespective of the capacity in which he held title to the parcel, individually the grantor in the last deed, liable personally upon the covenants therein, and individually entitled to enforce, as a contract supported by a valid consideration, an agreement by the grantee in the last deed to assume and pay the outstanding mortgages.

An action by a grantor of real estate for breach of an agreement by the grantee to assume and pay an outstanding mortgage thereon was not premature if brought after the mortgage became due though before a foreclosure sale thereunder.

Section 5 of G. L. (Ter. Ed.) c. 231 does not require that the assignee of a cause of action shall bring the action in his own name, and therefore he may bring it in the name of the assignor unless the defendant shows that he was not authorized to do so.

It was error, at the trial of an action for breach of an agreement by a grantee of real estate to assume and pay outstanding mortgages, to

order a verdict for the plaintiff for a certain sum, although it appeared that a breach of the agreement had been established, if there was no agreement as to the amount of damages and the only evidence on that subject came from witnesses for the plaintiff and was of a character not binding on the defendant.

CONTRACT. Writ in the Superior Court dated October 29, 1932.

The action was tried before *Dillon*, J., who ordered a verdict for the plaintiff in the sum of $3,708.25. The defendant alleged exceptions.

The premises conveyed to the defendant as described in the opinion comprised one of several parcels described in the deeds from Gerber to Kavanagh and from Kavanagh to Gerber as trustee, and in each of these deeds it was stated that that parcel was subject to a first mortgage for $50,000, a second mortgage for $10,000, and a third mortgage for $4,000.

The case was submitted on briefs.

*A. Kobrin & L. Kobrin*, for the defendant.

*S. Kaufman*, for the plaintiff.

FIELD, J. This is an action of contract on an alleged agreement of the defendant to assume and pay certain mortgages on real estate in Lynn. The writ is dated October 29, 1932. The answer is a general denial and an allegation of payment. Morris Gerber and the Gerber Realty Trust "by its trustee, Morris Gerber" were originally named as parties plaintiff but the "action of the coplaintiff, 'Gerber Realty Trust'" was "waived" in open court leaving Morris Gerber the sole plaintiff. He is referred to herein as the plaintiff. The judge denied the motion of the defendant for a directed verdict and on motion of the plaintiff directed a verdict for him in the amount of $3,708.25. The defendant excepted.

These facts appear to have been undisputed. On May 10, 1929, the plaintiff conveyed the premises by a quitclaim deed to one Kavanagh who, on the same day, by a quitclaim deed, conveyed them to "Morris Gerber as he is trustee of the Gerber Realty Trust." Neither deed contained any provision that the grantee assume and pay

existing mortgages.  A deed, dated July 15, 1929, in the usual short statutory form with warranty covenants (see G. L. [Ter. Ed.] c. 183, § 16), signed by the plaintiff and his wife, who released dower and other interests, wherein the grantors were described as "Morris Gerber, individually, and as Trustee of the Gerber Realty Trust, under a declaration of trust dated May 10th, 1929, recorded with the Essex South District Registry of Deeds, Book 2805, Page 535 and recorded anew herewith," conveyed the premises to the defendant who agreed to assume and pay certain existing mortgages.  There were three such mortgages.  The premises were then subject to a first, a second and a third mortgage, each given to secure a promissory note of the plaintiff.  On November 16, 1932, the premises were sold on the foreclosure sale of the first mortgage for the principal amount of such mortgage.

The plaintiff testified that at the time of the conveyance of the real estate to the defendant he as an individual had no title to the premises in question, that he had not paid the notes secured by the mortgages, and that before the date of the writ he assigned by a written instrument all his rights against the defendant which accrued to him by virtue of these notes to the third mortgagees.  Witnesses called by the plaintiff testified that there was due on the second mortgage note the sum of $1,000, with interest from July 5, 1932, and on the third mortgage note the sum of $2,050, with interest from June 18, 1932.

1. There was no error in the denial of the defendant's motion for a directed verdict.

The plaintiff in this action as it now stands is Morris Gerber, without words describing him as trustee.  But the testimony of the plaintiff that as an individual he had no title to the premises in question at the time of the conveyance thereof is binding upon him.  Two grounds on which the defendant relies to show that the plaintiff cannot maintain this action are based on an attempt to distinguish between Morris Gerber as an individual and Morris Gerber as trustee of the Gerber Realty Trust as the grantor.  The defendant contends in substance (a) that Morris Gerber

as an individual was not the grantor in the deed by which the real estate was conveyed to the defendant because as an individual he had no title thereto and, consequently, is not entitled to the benefit of the defendant's agreement to assume and pay the existing mortgages and (b) that if Morris Gerber as an individual was the grantor in this deed his covenants were broken when the deed was given because as an individual he had no title to the premises in question and, consequently, the consideration for the defendant's promise failed. The defendant's contention cannot be sustained on either of these grounds.

According to the undisputed facts, at the time the conveyance to the defendant was made the plaintiff had title to the real estate, subject to the existing mortgages, though as trustee of the Gerber Realty Trust, that is, the plaintiff was at law the owner of such real estate subject to the equitable rights of the beneficiaries of the trust. *Kaufman* v. *Federal National Bank of Boston,* 287 Mass. 97, 102. And he conveyed this real estate by a deed executed by him as an individual and also as trustee of the trust. There was, however, no limitation of the grant to real estate which the plaintiff, as against the beneficiaries of the trust, had the right under the trust instrument to convey. Therefore, by the deed, title to the real estate, subject to existing mortgages, passed from the plaintiff to the defendant, the grantee, whether or not such conveyance was in violation of the terms of the trust and whether or not the grantee took title to the real estate subject to the terms of the trust. *Taft* v. *Decker,* 182 Mass. 106. And, since at law the official and individual capacities of a trustee are not separated, the plaintiff, though described in the deed as a grantor "individually, and as Trustee," was the grantor of the real estate, irrespective of the capacity in which he owned it. *Kaufman* v. *Federal National Bank of Boston,* 287 Mass. 97, 101–102. See G. L. (Ter. Ed.) c. 4, § 7, Eleventh. He was also the covenantor, and liable personally on the covenants, except as by agreement, express or implied, his liability thereon was limited to the property of the trust. See *Hussey* v. *Arnold,* 185 Mass. 202, 203–204;

*Larson* v. *Sylvester*, 282 Mass. 352, 359. The fact that he executed the deed as a grantor "individually" negatives any such limitation by agreement. Furthermore, the promise of the defendant to assume and pay existing mortgages, which her acceptance of the deed imports (*Flynn* v. *Kenrick*, 285 Mass. 446, 448), ran to the plaintiff, as grantor, irrespective of the capacity in which he owned the real estate. And the mortgages secured debts for which the grantor was liable, though the transfer of title from the plaintiff as an individual to the plaintiff as trustee took place after the mortgages were made and though the mesne conveyances did not provide that the grantees would assume and pay such mortgages. See *Furnas* v. *Durgin*, 119 Mass. 500, 506–507. See also Jones, Mortgages of Real Property (8th ed.) § 950, and cases cited. Consequently the plaintiff, irrespective of the capacity in which he owned the granted premises, was entitled to the benefit of the defendant's agreement to assume and pay the mortgages. And, even if the plaintiff's rights under this agreement were held by him in trust, an action at law thereon was brought properly by the plaintiff in his own name without words describing him as a trustee. *Alfano* v. *Donnelly*, 285 Mass. 554, 555.

The defendant contends, however, that her promise to assume and pay the mortgages was dependent on the covenants of title in the deed, and that the consideration for such promise failed, by reason of breach of such covenants, on the sole ground that the plaintiff as an individual was not the owner of the granted premises at the time the deed was given or the promisee of the defendant's promise contained therein. For reasons already stated, this contention cannot be sustained. The plaintiff was the promisee of the defendant's promise and the conveyance of these premises to the defendant was consideration therefor irrespective of the capacity in which the plaintiff owned such property. As already pointed out, at the time the deed was given the plaintiff was at law the owner of the granted premises. He was seised of the land so that it passed by the deed. See *Taft* v. *Decker*, 182 Mass. 106. Such seisin is sufficient to

support the covenants of seisin and of right to convey. *Marston* v. *Hobbs,* 2 Mass. 433. *Raymond* v. *Raymond,* 10 Cush. 134, 140. *Baldwin* v. *Timmins,* 3 Gray, 302, 305. And the mortgages assumed by the grantee were not encumbrances, the existence of which constituted breaches of the covenant against encumbrances. Nor was the foreclosure of one of these mortgages a breach of the covenant of warranty. *Lively* v. *Rice,* 150 Mass. 171. Consequently we need not consider the effect on the liability of a grantee promising to assume and pay mortgages on the granted premises of breach by the grantor of any of his covenants of title. See Am. Law Inst. Restatement: Contracts, § 290. *Barry* v. *Frankini,* 287 Mass. 196, 201. And on the facts and evidence shown by the record it is not necessary for us to consider whether the agreement for the assumption of the mortgages was illegal as a bargain by the plaintiff, as trustee, for his private advantage (see Am. Law Inst. Restatement: Contracts, § 570), in the absence of pleading or argument by the defendant to this effect. See *O'Brien* v. *Shea,* 208 Mass. 528.

According to the undisputed facts, moreover, before this action was brought, there was a breach of the defendant's agreement to assume and pay the existing mortgages. Such a breach is established by proof that the amount of any such mortgage was not paid when due. *Locke* v. *Homer,* 131 Mass. 93, 107–108, and cases cited. The foreclosure by sale of the first mortgage shows that it was not paid when due and also that this mortgage, though foreclosed by sale on November 16, 1932 — after this action was begun on October 29, 1932 — became due at least thirty days before the sale (see G. L. [Ter. Ed.] c. 244, § 14), so that the action was not brought prematurely, as contended by the defendant.

The defendant makes the further contention that the plaintiff cannot maintain this action because of his assignment in writing, according to his own testimony, of his rights by virtue of the notes secured by the mortgages to the third mortgagees. Even if there was a valid assign-

ment in writing before this action was brought of all the plaintiff's rights under the defendant's agreement to assume and pay the existing mortgages, such assignment was not a defence to this action and the action could be prosecuted in the name of the assignor in the absence, as here, of a showing by the defendant that the plaintiff was not authorized to prosecute such action. *Moore* v. *Spiegel,* 143 Mass. 413, 417. *Murray* v. *Rossmeisl,* 284 Mass. 263, 267. G. L. (Ter. Ed.) c. 231, § 5, authorizes, but does not require, an assignee to sue in his own name. *Dolben* v. *Duncan Construction Co.* 276 Mass. 242, 252. See also *McDonald* v. *Laughlin,* 74 Maine, 480; *Michigan Sugar Co.* v. *Moffett,* 183 Mich. 589, 599. Compare G. L. (Ter. Ed.) c. 231, § 6.

2. The direction of a verdict for the plaintiff in the amount of $3,708.25 was error.

Nothing in the record establishes as matter of law the amount of damages which the plaintiff is entitled to recover in this action. As one element of damages for breach of the defendant's agreement with respect to the first mortgage the plaintiff would be entitled to recover the amount remaining due on that mortgage after the foreclosure sale, even though such sale took place after this action was begun. See *Furnas* v. *Durgin,* 119 Mass. 500, 508; *Locke* v. *Homer,* 131 Mass. 93, 109; *Muhlig* v. *Fiske,* 131 Mass. 110, 114. There is no evidence of this amount. And there is no evidence binding on the defendant of the amounts remaining due on the second and third mortgages, which would be the measure of the plaintiff's damages for breach by the defendant, before this action was brought, of her agreement to pay these mortgages when due even if such breach was proved by the evidence. Nor is there evidence binding on the defendant of the amounts for which the plaintiff is liable on the second and third mortgages, security for the payment of which was lost by the foreclosure sale, which might be an element in the plaintiff's damages for breach of the defendant's agreement with respect to the first mortgage, even if there was no breach of the defendant's agreement with respect to the second and third mortgages before this action was brought. See *Rice* v. *Sanders,*

152 Mass. 108, 109, 112; *Walton* v. *Ruggles*, 180 Mass. 24. The testimony of witnesses called by the plaintiff to the amounts due on the second and third mortgages was not binding on the defendant.

*Exceptions sustained.*