# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

### MASSACHUSETTS

---

MARTHA A. RHOADES *vs.* SADIE SECUNDA & others.

Berkshire.    September 15, 1936. — November 9, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Deed,* Construction.    *Evidence,* Extrinsic affecting writing.    *Contract,* By grantee of real estate to assume mortgage debt of grantor.

In the construction of a deed with a clause, "Said premises are conveyed subject to a [first] mortgage . . . which the grantee assumes and agrees to pay.   Also a second mortgage . . . ," the fact, that a written contract of sale which culminated in the deed provided that the amounts of both mortgages should be credited against the stated purchase price, properly was considered and warranted a finding that both mortgages had been assumed by the grantee.

In a deed to two, "grantee" may be construed to include both where the context so implies.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated July 25, 1934.

The suit was heard by *F. T. Hammond,* J., by whose order a decree for the plaintiff was entered.   The defendants Borgo appealed.

*H. L. Harrington,* for the defendants Borgo.

*F. M. Myers,* for the plaintiff.

LUMMUS, J.   The plaintiff holds a second mortgage note for $2,800, dated June 22, 1932, payable in instalments, and

by reason of a provision in the note that "upon default of any payment the whole amount [is] to become due and payable" the plaintiff is entitled to receive the unpaid balance, $2,550, with interest from June 22, 1933. The note was secured by a second mortgage upon real estate on Wendell Avenue in Pittsfield, owned by the maker of the note, the defendant Sadie Secunda, subject to a first mortgage for $8,000 to the Berkshire County Savings Bank, which first mortgage has now been foreclosed by sale.

On August 9, 1932, Secunda and the defendant John Borgo entered into a written agreement for the sale of said premises to said John Borgo for the price of $12,700, of which $500 was paid as a deposit. The agreement provided that the premises should be conveyed subject to a first mortgage for $8,000 and a second mortgage to the plaintiff for $2,800, and that the balance of the purchase price, $1,400, should be paid in cash. The agreement provided: "If . . . [Secunda] shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by . . . [Borgo] shall be deemed to be a full performance and discharge hereof."

In performance of this written agreement, Secunda gave a deed, not to John Borgo alone, but to the defendants John Borgo and Margaret M. Borgo, husband and wife. Following the description, the deed provided as follows: "Said premises are conveyed subject to a mortgage of Eight thousand Dollars held by the Berkshire County Savings Bank which the grantee [*sic*] assumes and agrees to pay. Also a second mortgage in the sum of two thousand eight hundred ($2,800) dollars in favor of Martha A. Rhoades."

This bill was brought under G. L. (Ter. Ed.) c. 214, § 3 (7), to reach and apply to the payment of the debt due from Secunda her alleged right to exoneration by the defendants John Borgo and Margaret M. Borgo. *Forbes* v. *Thorpe*, 209 Mass. 570, 582. *Evans, Coleman & Evans, Ltd.* v. *Pistorino*, 245 Mass. 94. *Bloch* v. *Budish*, 279 Mass. 102,

105 *et seq. Gillis* v. *Bonelli-Adams Co.* 284 Mass. 176, 181. See also *Broadway National Bank of Chelsea* v. *Hayward,* 285 Mass. 459, 465. The last mentioned defendants appeal from a final decree giving the plaintiff relief against them. The question is, whether Secunda had a right to be exonerated by the appellants from the plaintiff's second mortgage note.

Taking the language of the deed by itself, it is at least arguable that the assumption (*Locke* v. *Homer,* 131 Mass. 93, 109) extended to the second mortgage as well as the first. After providing specifically that the grantees (for the singular words should be read in the plural; see G. L. [Ter. Ed.] c. 4, § 6, Fourth, *Goodman* v. *Telfer,* 230 Mass. 157, *Allen* v. *Chas. E. Howe Co.* 261 Mass. 355, 356, *Cummings* v. *Tolman,* 292 Mass. 58, 62) shall receive a conveyance subject to the first mortgage and shall assume and pay that mortgage, the reference to the second mortgage is begun by the word "Also." A natural and reasonable construction is that the second mortgage is to be treated like the first mortgage. If there be any doubt, it is permissible to resort to the written agreement which was the foundation of the deed, even though as an enforceable instrument it did not survive the deed (*Drury* v. *Tremont Improvement Co.* 13 Allen, 168, 171), and even though the defendant Margaret M. Borgo was not a party to the agreement. The agreement, in its provisions relating to the price and its payment, could be satisfied only by an assumption of both mortgages. *Bray* v. *Hickman,* 263 Mass. 409, 414, 415. *Flynn* v. *Kenrick,* 285 Mass. 446, 448, 449. In view of that agreement, any doubt of the meaning of the deed, taken by itself, should be resolved in favor of an assumption of the plaintiff's mortgage by the grantees, the defendants John Borgo and Margaret M. Borgo.

*Decree affirmed with costs.*