MALDEN KNITTING MILLS *vs.* UNITED STATES RUBBER COMPANY.

Middlesex. May 2, 1938. — September 19, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Landlord and Tenant*, Construction of lease, Exemption from liability for breach of covenant, Covenant as to repairs, Dependent covenants. *Contract*, Construction. *Words*, "Outside of."

A later typewritten provision in a lease of a shed, whose roof was "in bad condition" at the date of the lease, that the lessee accepted the premises "in their present condition except that the landlord . . . will make the roof tight" was not inconsistent with an earlier printed covenant by the lessee that he would "put and keep" the premises "in good condition," and, in view of all provisions of the lease, meant that by the later provision the lessee was relieved of so much of his earlier covenant as otherwise would require him to make the roof tight if that was necessary to put the premises in good condition.

Although it was expressly provided in a lease that its covenants and agreements were "severally and collectively mutually dependent," the lessee could not maintain an action of contract against the lessor for water damage to the lessee's property resulting from breach of the lessor's

agreement to "make the roof tight," where there were other provisions of the lease that the lessor should not be liable for damage from leakage of water into the demised premises, that the lessee would hold the lessor harmless against loss from damage to property therein, and that the lessee's property therein should be at his sole risk.

A provision in a lease of "a one story shed" that the landlord would "be responsible for . . . damage from leaks outside of the demised premises" did not refer to leaks in the roof of the shed.

CONTRACT. Writ in the Superior Court dated April 11, 1934.

A verdict was ordered for the defendant by *J. W. Morton,* J., who reported the case to this court.

*Lee M. Friedman,* for the plaintiff.

*D. Burstein,* for the defendant.

COX, J. This is an action of contract upon a written lease of a one-story shed to the plaintiff. The trial judge directed the jury to return a verdict for the defendant and reported the case to this court. G. L. (Ter. Ed.) c. 231, § 111. The lease, which is a printed form with blank spaces appropriately filled in by typewriting, contains, among others, the following material provisions, which are printed: "2. . . . the Tenant [plaintiff] will at its expense make all repairs and renewals of whatever nature necessary. to put and keep in good condition the premises. . . . 6. The Landlord [defendant] shall not be liable for damages . . . for injury or damage to person or property resulting from . . . water, rain or snow which may leak or flow from or into any part of said building, . . . or from any other place (provided, however, that the Landlord will be responsible for such damage from leaks outside of the demised premises as occurs after a reasonable time after the receipt of notice from the Tenant of such leaks); . . . neither shall the Landlord be liable for damage . . . caused by any other matter or thing . . . 9. . . . The Tenant will indemnify, protect and save harmless the Landlord herein from any loss, cost, damage or expense caused by injuries or damage to persons or property while in, on, or about said premises herein leased . . . and any and all property of said Tenant which may be located or stored either in the demised premises, or the buildings of which

the demised premises form a part shall be at the sole risk of said Tenant . . . 26. It is expressly understood and agreed that the covenants and agreements herein undertaken and/or to be performed respectively by each of the parties hereto are severally and collectively mutually dependent and that performance of each and every covenant and agreement herein to be performed by either party ·is part of the consideration of· this lease and a condition precedent to the performance of each and every covenant and agreement to be performed by the other party."

At and prior to the time the lease was made, the roof of the demised shed, "to the actual knowledge of both parties was in bad condition," and the plaintiff refused to sign the lease without the addition of provisions covering the "roof and interior conditions." Thereupon, and before the lease was signed, the following clause was inserted in typewriting: "29. The Tenant agrees to accept the premises in their present condition, except that the Landlord shall deliver the said premises in 'broom clean' condition and, within a reasonable time, will make the roof tight." The term of the lease began on August 1, 1933, and in that month the defendant made some repairs to the roof which were inadequate to make it properly "tight." In the winter of 1933–1934 the roof leaked and ineffectual repairs to it were made by the defendant. There was evidence from which it could be found that water which leaked through the roof of the shed caused damage to the plaintiff's machines that were stored in the leased premises.

The declaration contains two counts, one based upon clause 29 of the lease, the other upon clause 6. In both counts, the damages sought to be recovered are for injury to the plaintiff's machinery. The plaintiff consented at the trial that "this shall not be interpreted as an action to recover merely nominal damage." The report stipulates that "If the plaintiff on any theory of the case under the declaration is entitled to recover for damages to its personal property and machinery in the demised premises, the verdict for the defendant is to be set aside . . ." but that if the judge's ruling was correct the verdict is to stand.

We treat the case as one in which damages are sought for injury to the plaintiff's machinery.

The typewritten clause 29 relates to the acceptance of the premises by the plaintiff "in their present condition, except that the . . . [defendant] will make the roof tight." By clause 2, which is printed, the plaintiff covenanted "to put and keep [the premises] in good condition." As to the effect of this covenant of the plaintiff, see *Belcher* v. *M'Intosh*, 8 C. & P. 720; *West* v. *Hart*, 7 J. J. Marsh. 258; *Thomas* v. *Kingsland*, 108 N. Y. 616. The plaintiff suggests that the typewritten provisions of clause 29 should prevail over the printed provisions of the lease. It is true that, where the clauses in an instrument are inconsistent, it is the usual rule of construction that such as are written or typewritten will control those that are printed, on the theory that the latter were left by inadvertence. But if all clauses can be retained and interpreted together, none is to be rejected. *Ball* v. *Wyeth*, 8 Allen, 275, 278. *Perry* v. *Wilson Bros. Inc.* 260 Mass. 519, 521. *Welch* v. *Gordon*, 284 Mass. 485, 487. See *Codman* v. *Hygrade Food Products Corp.* 295 Mass. 195. We think that clause 29 was inserted in the lease in order to relieve the plaintiff of so much of the obligation of its covenant as would otherwise require it to make the roof "tight," if that was necessary to put the premises in good condition, and that there is no inconsistency. Compare *Vass* v. *Wales*, 129 Mass. 38; *Weeks* v. *Wilhelm-Dexter Co.* 220 Mass. 589; *Perry* v. *Wilson Bros. Inc.* 260 Mass. 519; *Ginsburg* v. *Jacobson*, 276 Mass. 108.

The plaintiff contends that the performance of clause 29 by the defendant is a condition precedent to "performance by the plaintiff of its obligations under . . . [clauses] 6 and 9"; in other words, the act of the defendant in making the roof "tight" is a condition precedent to its right to claim exemption from liability for its failure to perform that act; that is, in order to claim exemption from liability, the defendant must first do something to remove the ground of that liability. We do not construe the provisions of the lease as expressing any such intention of the parties.

The parties to the lease had an undoubted right, if they

pleased, to make their covenants dependent or independent, *Cunningham* v. *Morrell*, 10 Johns. 203; *Loud* v. *Pomona Land & Water Co.* 153 U. S. 564, 576, and they have agreed that they shall be dependent by the provisions of clause 26. Where "the undertaking on one side, is *in terms* a condition to the stipulation on the other; as where one stipulates that he will perform the thing to be done, if the other shall have first performed some stipulation on his part," we have a condition precedent. But "even when words are used, which might be construed to be a condition in their ordinary sense, they shall not be so considered, if such construction is not consistent with the intent of the parties." *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, 438. It is the intention of the parties that must control. *Knight* v. *New England Worsted Co.* 2 Cush. 271, 287. It is not "material in what part of the instrument the conditional stipulation appears, if in its nature the one act must necessarily precede the other." *Weed* v. *Crocker*, 13 Gray, 219, 226. It is not for us to turn a condition precedent into an independent agreement, *Griggs* v. *Moors*, 168 Mass. 354, 363, any more than we should attempt to place a construction upon the terms of the lease which does not make good sense. In the case of *Kennon* v. *Shepard*, 236 Mass. 57, where it was held that a covenant to heat the premises was consistent with a further provision that no damages should be recovered in the event of a breach of the covenant, the court said (page 59), "The fair import of the words used is that, while the lessor promised to heat the premises, there was to be no liability in case he failed to do so." The agreement to make the roof "tight" standing alone, if broken, would give rise to a right of action, whatever the measure of damages, *Miles* v. *Janvrin*, 200 Mass. 514; *Grennan* v. *Murray-Miller Co.* 244 Mass. 336, 339; see *Flynn* v. *Trask*, 11 Allen, 550, 554; but no rule of law prevents parties from expressly agreeing as to liability and no repugnancy or inconsistency exists between the provisions of the instrument, if an agreement is made to limit liability. *Kennon* v. *Shepard*, 236 Mass. 57. *Taber* v. *Beaudette & Graham Co.* 262 Mass. 99, 103. *Rose-Derry Corp.* v. *Proctor & Schwartz, Inc.* 288 Mass. 332, 337.

If clause 29 is read in conjunction with the relevant provisions of clause 6, as we think it should be, the liability of the defendant for failure to make the roof "tight" is limited as the parties must have intended. We do not think, from what has been said, that so much of clause 6 as limits the defendant's liability amounts to a covenant of the plaintiff, and are of the opinion that the situation is like that where limitations or exceptions are contained in covenants of warranty, as where lands are conveyed subject to encumbrances and the covenants of warranty extend only to the estate actually conveyed. *Lively* v. *Rice*, 150 Mass. 171. See *Shanahan* v. *Perry*, 130 Mass. 460. Compare *Cornell* v. *Jackson*, 3 Cush. 506, 508; *Ball* v. *Wyeth*, 8 Allen, 275. The agreement of the defendant stands, limited, however, as to certain consequences, if it fails to perform. So read, the several clauses of the lease, including clause 9, are given force and effect and the intention of the parties is carried out. This construction of the lease does not result in destroying the effect of clause 26 which makes the covenants of the parties dependent. The plaintiff could have rescinded its contract upon the defendant's failure to make the roof "tight." *Papanastos* v. *Heller*, 227 Mass. 74, 76. The provisions of the lease which exempt the defendant from liability excuse it not from performing its agreement, but only from certain definite consequences if it does not perform. They exclude the recovery of certain consequential damages but do not, in terms, preclude the defendant's responsibility, for example, for a diminution in the value of the leasehold. Compare *Fera* v. *Child*, 115 Mass. 32, 36; *Clarke* v. *Ames*, 267 Mass. 44. For reasons already stated, we think the case of *Papanastos* v. *Heller*, 227 Mass. 74, is distinguishable.

The plaintiff also seeks to recover in the alternative for damage to its machinery, by reason of the provision in the sixth clause that "the Landlord will be responsible for such damage from leaks outside of the demised premises as occurs after a reasonable time after the receipt of notice . . . ." The description of the building in the lease is "a one-story shed known as Building No. 46." It is not con-

tended that the roof was not a part of the premises included in the lease. See *Lowell* v. *Strahan*, 145 Mass. 1, 8; *Leominster Fuel Co.* v. *Scanlon*, 243 Mass. 126, 127; *Ginsburg* v. *Jacobson*, 276 Mass. 108, 111. We are unable to follow the plaintiff in its contention that the quoted provision in this clause of the lease relates to leaks in the roof of the shed. The language is precise in referring to leaks "outside of" the demised premises. The plaintiff would have us read this as leaks "in the outside of" the premises. The clause exempts the landlord from liability for damage resulting from "water . . . which may leak or flow from or into any part of said building . . ." except as it may come from leaks "outside" the demised premises. We think that the words "outside of the demised premises" relate to premises or sources in control of the defendant other than the premises demised to the plaintiff. Compare *Priest* v. *Nichols*, 116 Mass. 401; *Brindis* v. *Haverhill Morris Plan Co.* 266 Mass. 303; *Moss* v. *Grove Hall Savings Bank*, 290 Mass. 520.

In accordance with the terms of the report, judgment on the verdict is to be entered for the defendant.

*So ordered.*