STEVEN R. SIMON & another *vs*. HELEN M. NORCROSS.

Barnstable.    February 13, 1976. — September 10, 1976.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Contract,* For sale of real estate, Consideration.  *Equity Jurisdiction,* Specific performance.

An agreement for the purchase and sale of a house which provided in one clause that the buyers were to pay the sum of $27,000 in cash on delivery of the deed and in the following clause that the buyers were to assume the mortgage, also $27,000, as "part of the consideration" sufficiently set out the sale price as $54,000 to preclude the use of oral testimony in determining the purchase price. [548-550]

BILL IN EQUITY filed in the Superior Court on October 20, 1970.

The suit was heard by *Adams*, J.

*Evan T. Lawson* for the defendant.

*George M. Ford* for the plaintiffs.

GOODMAN, J.   The defendant appeals from a judgment
in the Superior Court ordering that she specifically per-
form an agreement for the purchase and sale of a house
and lot in Provincetown. The agreement, between the
plaintiffs (husband and wife) as buyers and the defendant
as seller, is on a stationer's printed form and provides:

> "and for such deed and conveyance the party of the sec-
> ond part is to pay the sum of
>
> TWENTY-SEVEN THOUSAND ($27,000.00) --------------dollars
> of which ONE HUNDRED ($100.00) --------------dollars have
> been paid this day,                              TWENTY-SIX
> THOUSAND NINE HUNDRED (26,900.00) ---------------dollars
>
> balance in cash on delivery of said deed."[1]

This clause is followed by a typewritten provision (the
mortgage assumption clause): "It is agreed between the
parties that the purchasers shall assume and agree to pay
the balance due on the existing mortgage with Cape Cod
Cooperative Bank as part of the consideration of this sale
and to save the seller harmless on account thereof."

The trial judge ordered that the defendant convey the
property to the plaintiffs "free from all encumbrances,
upon the[ir] . . . paying the sum of $27,000.00." He made
this determination on the basis of conflicting oral testi-
mony regarding the purchase price, ruling that "the state-
ment as to the purchase price contained in said agreement
is ambiguous and that parol evidence was admissible . . . to
assist the Court in interpreting this language." He found
that the defendant had offered the property to the plain-
tiffs "for the mortgage," which was in the amount of
$27,000, rather than for $54,000 (the cash plus the mort-
gage) which the defendant testified she understood the
price to be. We hold that the judgment cannot stand.

The provisions of the agreement relative to the consider-
ation to be furnished by the buyers are sufficiently clear

---

[1] The underlined words are typewritten.

and unambiguous to preclude the use of oral testimony to control their meaning. "Interpretation is directed to the meaning of the terms of the writing in the light of the circumstances, not to the meaning of the conversations of the parties in the course of their negotiations." *Robert Indus. Inc.* v. *Spence,* 362 Mass. 751, 755 (1973). *Dekofski* v. *Leite,* 336 Mass. 127, 129-130 (1957). See *Bray* v. *Hickman,* 263 Mass. 409, 412-415 (1928); *Berman* v. *Geller,* 325 Mass. 377, 379-380 (1950); *Aerostatic Engr. Corp.* v. *Szczawinski,* 1 Mass. App. Ct. 141, 142-143 (1973). Cf. *Imper Realty Corp.* v. *Riss,* 358 Mass. 529, 534-535 (1970). The choice between the alternative possible interpretations which the plaintiffs suggest does not require the use of parol evidence; it may be made without difficulty from the instrument itself. As set out above, the instrument provides in a separate clause that $27,000 is to be paid "in cash." The following paragraph, also a separate clause, provides that "as part of the consideration of this sale" the buyers are to assume and agree to pay the mortgage. There is nothing to indicate that these two clauses are disjunctive as the plaintiffs argue. And if something more than the seriatim listing of the two clauses were needed to indicate that they were conjunctive, it is found in the characterization of the plaintiff's obligation in the mortgage assumption clause as "part of the consideration." It is significant that this phrase is also used in the provision for the sale of personal property, which is obviously in addition to the provision for the real estate.[2] See *Rhoades* v. *Secunda,* 296 Mass. 1, 3 (1936). Cf. *Bray* v. *Hickman,* 263 Mass. at 414-415; *Flynn* v. *Kenrick,* 285 Mass. 446, 448-449 (1934).

We note that in each of the last two cases cited a total consideration is explicitly stated to include both cash and the assumption of a mortgage. This appears to be the more usual method of setting out the total consideration and its component parts; but it has no application in this case in

---

[2] That clause provides: "It is agreed that *as part of the consideration for this sale* there shall be included such articles of furniture, and household furnishings and other items of personal property as shall appear on an agreed inventory ..." (emphasis supplied).

which $27,000 is explicitly stated to be payable in cash (see *Pearlstein* v. *Novitch*, 239 Mass. 228, 230-231 [1921]), thus excluding from its scope the assumption of the mortgage which, however, must also be given effect "as part of the consideration." This agreement is quite simply one for the purchase and sale of the equity of redemption over and above the $27,000 mortgage. *Lively* v. *Rice*, 150 Mass. 171, 173 (1889).[3] See *Fiske* v. *Tolman*, 124 Mass. 254, 257 (1878).

We thus conclude that the total consideration for the conveyance was comprised of $27,000 in cash plus the assumption of the mortgage. Since this emerges unambiguously from our analysis of the instrument itself, parol evidence cannot be used to vary it. Accordingly, the judgment is reversed, and the case is remanded to the Superior Court, where the plaintiffs shall be permitted to amend their complaint to allege the agreement as we have construed it; upon such amendment the agreement shall be specifically enforced by an appropriate judgment.[4] If such an amendment is not filed within thirty days after the issuance of our rescript (since the defendant has not asked for affirmative relief) the action is to be dismissed.

*So ordered.*

---

[3] As with the deed in the *Lively* case it is the equity of redemption which the defendant in this case agreed to convey "free from all encumbrances." See *Gerber* v. *Berstein*, 295 Mass. 132, 136-137 (1936); *Malden Knitting Mills* v. *United States Rubber Co.*, 301 Mass. 229, 234 (1938). If it were thought there were some inconsistency between this boiler-plate printed clause and the typewritten mortgage assumption clause, the latter would in any event have primacy. See *Malden Knitting Mills* v. *United States Rubber Co.*, 301 Mass. at 232.

[4] We do not understand the defendant to object to specific performance of the agreement as we have construed it. In any event such an objection would be without merit. *Peters* v. *Wallach*, 366 Mass. 622, 628-629 (1975).