WALTER WHITE *vs.* HARVEY I. BURGER. October 21, 1977. The plaintiff sued on an interbroker agreement to recover one half of a commission earned by the defendant in selling a parcel of land in Dalton to a group of persons, one of whom was the prospect introduced to the defendant by the plaintiff. A jury returned a verdict for the plaintiff, and the defendant appealed. 1. It was open to the jury on the evidence to find that the provision of the agreement calling for the plaintiff to accompany the prospect on a showing of the parcel was

waived by the continuing course of dealing between the parties. Compare *Church of God in Christ, Inc.* v. *Congregation Kehillath Jacob,* 370 Mass. 828, 832-833 (1976). 3A Corbin, Contracts § 755 (1960). 2. The cases cited by the defendant on the subject of causation and its relation to the earning of a broker's commission (see, e.g., *Kacavas* v. *Diamond,* 303 Mass. 88, 91-92 [1939]; *Sherman* v. *Briggs,* 310 Mass. 408, 412 [1941]) are not controlling in determining the defendant's liability for a sharing of that commission under the interbroker agreement. 3. Although the interbroker agreement form spoke of the "parcel(s) herein designated," it is apparent from the manner in which it was filled out that the agreement was not limited to any particular parcel or even to parcels in the listed municipalities. The typed language was obviously meant to control the printed language. *King Features Syndicate, Inc.* v. *Cape Cod Bdcst. Co.,* 317 Mass. 652, 654 (1945). *Simon* v. *Norcross,* 4 Mass. App. Ct. 547, 550 n.3 (1976). 4. There was evidence from which the jury could (and apparently did) find that the Dalton parcel was listed with the defendant at the time the agreement was executed. It is therefore unnecessary to consider whether the judge was correct in ruling that such a finding was essential to a recovery for the plaintiff. 5. It was unnecessary for the plaintiff to show that the prospect he had introduced to the defendant made a monetary contribution to the purchase price (see *Thornton* v. *Forbes,* 326 Mass. 308, 311-312 [1950], and cases cited), and the judge did not err in excluding testimony relative thereto. 6. We do not consider the defendant's final argument, that the plaintiff, if entitled to recover anything, should recover a portion of the total commission less than the one-half specified in the agreement. The judge explicitly instructed the jury that if they found for the plaintiff it must be in the amount of one-half the commission and in no other amount. The defendant's only objection to the charge was that the judge had failed to give several requested instructions, which were referred to only by number (compare *Narkin* v. *Springfield, ante,* 489 [1977]), and, as those requests have not been included in the appendix, we have no way of knowing their content (see *Haddad* v. *Board of Appeals of Medford,* 4 Mass. App. Ct. 843 [1976]). The record before us makes it clear that the defendant did not otherwise raise in the trial court the contention he now argues.

*Judgment affirmed.*

*Michael J. Levine* for the defendant.
*S. Thomas Martinelli* for the plaintiff.