MILDRED DeSANTIS *vs.* BERNARD PODBELSKI & others. December 30, 1982. The plaintiff and the three defendants have held a parcel of land in Ware as tenants in common since the death of their mother and the later death of a fifth sibling. In 1975 they agreed that the parcel should be held in the family and decided to sell it to the sibling who would pay the highest price. A procedure for bidding was worked out by one Patrick Martowski, an attorney, who sent to each of the parties a letter outlining the bidding procedure. The four letters, each an original composition, stated the procedure in different language. Three unequivocally required bids to be submitted prior to October 11; the fourth, sent to the plaintiff, stated that the bids were to be opened at 11:00 A.M. the morning of the eleventh and that it was "advisable" to submit the bids prior to the eleventh. The three defendants gave their sealed bids to Mr. Martowski prior to October 11; the plaintiff handed hers to Martowski sometime before 11:00 A.M. on October 11. The bids were opened, and the plaintiff's was the highest. The defendants appeal from a judgment awarding specific performance to the plaintiff.

The defendants' contention that there was no contract misapplies the familiar principle that at an auction a contract is not made until acceptance of a high bid by the auctioneer. See *Outpost Cafe, Inc.* v. *Fairhaven Sav. Bank*, 3 Mass. App. Ct. 1, 3 (1975). Here, the contract was formed before the day of the so called auction and lay in the agreement between the parties to sell to the one of their number who should submit the highest bid. The judge made a finding that none of the other siblings had objected to the lateness of the plaintiff's bid prior to the opening of

the bids, a finding which can be treated as establishing a waiver by the parties of any known irregularities up to that point. See *Mayer* v. *Boston Metropolitan Airport, Inc.*, 355 Mass. 344, 350, 352-353 (1969); *White* v. *Burger*, 5 Mass. App. Ct. 879, 879-880 (1977). The judge's finding that the defendants did not establish laches was justified by the lack of evidence that the defendants suffered a detriment by reason of the plaintiff's four-year delay in commencing this action. Contrast *Yetman* v. *Cambridge*, 7 Mass. App. Ct. 700, 707 (1979). Although the defendants did not have the use of the purchase money, they did have the use of the land. Interest is not owed for the same reason. Compare *Richards* v. *Saveway Oil Co.*, 2 Mass. App. Ct. 514, 520 (1974). The statute of frauds was not pleaded. No objection is made to the form of the judgment.

*Judgment affirmed.*

*Warren M. Yanoff* for the defendants.
*Bernard Glazier* for the plaintiff.