MOLLIE AVERBUCK & another, executors, *vs.* BETTY STOLLER. March 11, 1976. On November 27, 1972, a judgment of nonsuit was entered against the original plaintiff, Samuel Averbuck, for failure to answer the defendant's interrogatories in an action of tort for personal injuries.

On October 18, 1973, new counsel for the plaintiff filed a petition to vacate judgment in accordance with G. L. c. 250, § 15, as amended by St. 1972, c. 434. On October 31, 1973, the return day of the petition, the original plaintiff died. After a hearing, following notice, his executors were substituted as parties plaintiff. The sheriff was unable to make service on a new order of notice. After various intermediate proceedings, which need not be recited, on June 27, 1974, service was made on the defendant on a new order of notice. On November 22, 1974, after a hearing, a Superior Court judge, treating the petition as a motion for relief from judgment under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), vacated judgment in the tort action. The defendant appeals contending that the original plaintiff failed to meet the requirements of G. L. c. 250, § 15, in his lifetime and that the petition did not survive to the plaintiff's executors. The language of both § 15 and Rule 60(b) is clear. Contrary to the defendant's contention, neither required the petition or motion to vacate judgment to be heard or allowed within a year of the entry of judgment. The statute required only that the petition be "filed" within a year, and the rule requires only that the motion be "made" within a reasonable time and not more than a year after judgment. The original plaintiff filed his petition within the year as required by the statute, and it was pending when he died. The transitional rule, Mass. R.Civ.P. 1A, subparagraph 3, requires that all procedure after July 1, 1974, with respect to a pending matter in which a procedural step was taken before July 1, is to be governed by the new rules. See also Mass.R.Civ.P. 1A, subparagraph 1. Since the petition was presented to the judge following the effective date of the new rules, he was correct, by virtue of the transitional rule, in treating the petition to vacate as a motion for relief from judgment under Mass.R.Civ.P. 60(b), which specifically abolished petitions to vacate judgment and substituted therefor motions for relief from judgment. (Statute 1973, c. 1114, § 296, effective July 1, 1972, amended G. L. c. 250, § 15, to conform to the new rules of civil procedure.) On the question of the survival of the petition, Rule 60(b) states, "On motion and upon such terms as are just, the court may relieve a party or his *legal representative* from a final judgment" (emphasis supplied). The words "legal representative" naturally connote his executors. *Commissioner of Corps. & Taxn.* v. *Second Natl. Bank,* 308 Mass. 1, 8 (1941). Rule 60(b) tracks identical language in Fed.R.Civ.P. 60(b), which lends support to this construction. See *Security Ins. Co.* v. *White,* 236 F.2d 215, 219-220 (10th Cir. 1956). Compare *Mobay Chem. Co.* v. *Hudson Foam Plastic Corp.* 277 F. Supp. 413, 416-417 (S.D.N.Y. 1967). See also, *Ingerton* v. *First Natl. Bank & Trust Co.* 291 F.2d 662 (1960). We conclude that the original plaintiff's right of action survived to his executors. Therefore, the order vacating judgment for the defendant is affirmed.

*So ordered.*

*Vincent Galvin (Harvey G. Lewis* with him) for the defendant.
*Charles E. Blumsack* for the plaintiffs.