MARY P. GILLIS vs. DONALD A. GILLIS.

Worcester.   May 10, 1979. — July 9, 1979.

Present: HALE, C.J., BROWN, & GREANEY, JJ.

*Divorce*, Counsel fees. *Practice, Civil*, Contempt proceeding, Counsel
    fees.

Where, after a divorce had become final with the plaintiff's applica-
    tion for counsel fees left pending and unresolved, the plaintiff
    brought a contempt complaint against her former husband and
    filed a second application for fees and expenses, and where the
    judge who acted on the contempt complaint endorsed his award of
    the plaintiff's counsel fees on the earlier application filed in connec-
    tion with the divorce, the case was remanded for a hearing on the
    defendant's motion seeking relief from the order on the basis that
    the finality of the divorce judgment left no libel pending which
    would justify an award. [49-50]

CIVIL ACTION commenced in the Probate Court for the
county of Worcester on February 10, 1977.

A proceeding for contempt commenced on January 26,
1978, and a motion for counsel fees and expenses were
heard by *McLellan*, J.

*Roger J. Brunelle* for the defendant.

*Arline S. Rotman* for the plaintiff.

GREANEY, J. These appeals question the propriety of an
order by a probate judge awarding the plaintiff counsel
fees and expenses in connection with certain domestic
relations litigation between the parties. Our specific con-
cern centers on whether counsel fees and expenses were
awarded for services rendered in connection with the di-
vorce after that divorce proceeding had been concluded.

The relevant facts indicate that the parties were di-
vorced by a judgment which became absolute on January
6, 1978. When the divorce became final, an application

for counsel fees previously filed by plaintiff's counsel on October 6, 1977, was left pending and unresolved. On January 26, 1978, the plaintiff filed a contempt complaint against her former husband; this complaint was heard on February 28, 1978, and a second application for fees and expenses was filed on the same date. On March 9, 1978, the judge acted on the contempt complaint to the extent of ordering the defendant to pay $787 in real estate taxes (ostensibly his obligation under the divorce judgment and not contested here); at the same time the judge awarded plaintiff's counsel fees in the amount of $3,000 and expenses in the amount of $300. All these actions were endorsed on the October 6, 1977, application for fees. Through apparent inadvertence, the clerk's office failed to notify defense counsel of the orders; but between May 4 and 8, 1978, the defendant received actual notice of both the entry of the orders and their contents. The defendant filed a motion which challenged the order awarding fees and expenses on the ground that the court lacked "jurisdiction" to make the award. This motion was denied by the judge on June 1, 1978, and the defendant claimed a timely appeal from this denial.

The defendant's motion is susceptible to the view that it was properly brought under Mass.R.Dom.Rel.P. 60(b)(4) (1975) to seek relief from the order. It was sufficient to question the judge's authority to award any fees and expenses with reference to the divorce on the basis that the finality of the divorce judgment left no libel pending before the court which would justify an award. See G. L. c. 208, § 17, as appearing in St. 1975, c. 400, § 21, and *Gailis* v. *Gailis*, 1 Mass. App. Ct. 253, 256, *S.C.*, 364 Mass. 832 (1973). The plaintiff directs our attention to the provisions of G. L. c. 208, § 38, which permit an award of counsel fees and expenses, in the court's discretion, in connection with any original or subsidiary domestic relations proceeding. She argues that the award may have been made entirely in connection with the apparently ongoing contempt proceedings between the parties and

thus was valid under G. L. c. 208, § 38, even though it was endorsed against the application for fees filed in connection with the divorce. However, the contempt proceedings appear to have been relatively brief and there is nothing to show that they were so particularly long or complex as to warrant an assessment of counsel fees in the amount of $3,000. There are appearances that a major portion of the fees may have been directed toward services rendered in connection with the concluded divorce, an event which would leave any fees so allocated open to an arguable jurisdictional challenge. The fact that the award was endorsed on the application filed in connection with the divorce (the defendant claims this was intentional, the plaintiff asserts it to have been a mistake), heightens the confusion, and the total leaves us in a position where we are unable adequately to appraise the issues in a systematic and thorough fashion. We conclude then, that a sensible disposition at this stage requires that the denial of the motion be reversed, and that the matter be remanded for a fresh hearing on the motion on the ground discussed herein. (Its other grounds have not been pressed on appeal and are deemed waived.) The judge may require counsel to file such new or amended pleadings as are deemed appropriate, and, upon completion of the hearing, he is to make further orders clearly indicating the proceedings to which the awards are targeted.

In addition to his motion in the trial court the defendant also moved, on June 20, 1978, before a single justice of this court under Mass.R.A.P. 14(b), 365 Mass. 859 (1974), to claim a late appeal from the order awarding fees. After a hearing, the single justice denied the motion, and the defendant in turn took an appeal from that denial. The foregoing disposition renders it unnecessary to consider the merits of the single justice's denial of the late claim of appeal because the material issues will be preserved for review pursuant to the disposition of the Mass.R.Dom.Rel.P. 60(b)(4) motion. Accordingly, the appeal from the order of the single justice is dismissed, and

the case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*