GEORGE PAPAMECHAIL & another [1] vs. HOLYOKE MUTUAL INSURANCE COMPANY & others.[2]

Essex. November 13, 1979. – December 27, 1979.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Mortgage,* Real estate: assumption. *Real Property,* Mortgage. *Contract,* Parties. *Jurisdiction,* To reach and apply assets.

Where a deed contained a provision that the grantee assume and agree to pay the mortgage to which the granted land was subject, the grantee's acceptance of the deed implied a promise to perform that undertaking and the obligation thus assumed was governed by the terms of the mortgage to which the deed was subject. [851]

Where a mortgagor was required by the terms of a mortgage to insure the premises for the benefit of the mortgagee but failed to do so, and where at the time of a fire on the property and the mortgagor's resulting insurance claim the mortgage was in default, the mortgagee was entitled to the insurance proceeds. [852-853]

CIVIL ACTION commenced in the Superior Court on February 15, 1978.

[1] John Vargas.

[2] Arlington Trust Company and the town of Groveland.

The case was heard by *Linscott, J.*

*Nicholas J. Decoulos* for the plaintiffs.

*Michael W. Morris* for Arlington Trust Company.

HALE, C.J. This is an appeal by the plaintiffs from a judgment ordering the defendant Holyoke Mutual Insurance Company (Holyoke) to pay to the defendant Arlington Trust Company (Arlington) the proceeds of a claim made by the plaintiffs under a fire insurance policy issued to them by Holyoke. The case was tried before a judge in the Superior Court who made findings and rulings.

Because we have a transcript of the evidence before us as well as the judge's findings, we can find facts not expressly found by the judge. *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 178 (1943). *Juergens* v. *Venture Capital Corp.,* 1 Mass. App. Ct. 274, 275 (1973). *Bartula* v. *Bartula,* 6 Mass. App. Ct. 907, 908 (1978).

On April 1, 1975, the plaintiffs purchased a parcel of land in Groveland. The property was conveyed by deed expressly subject to a mortgage given by the plaintiffs' grantor to Arlington. The deed also stated that the plaintiffs assumed and agreed to pay the mortgage debt. The mortgage contained the statutory conditions (G. L. c. 183, § 20)[3] and also included an express condition requiring the plaintiffs to insure the premises for the benefit of Arlington.[4]

---

[3] The statutory conditions require, among other things, that the mortgagor keep the buildings on the property insured against fire for the benefit of the mortgagee.

[4] The condition states: "The mortgagor agrees to keep premises insured against fire and other contingencies when required by holder, in sums, forms and companies satisfactory, and first payable in case of loss to said holder; to deposit all insurance policies with said holder; in event of loss mortgagor will give immediate notice to mortgagee; mortgagee may make proof of loss if not made promptly by mortgagor; and in event of loss, each insurance company concerned is hereby authorized and directed to make payment for such loss directly to the mortgagee instead of to the mortgagor and mortgagee jointly, and the insurance proceeds or any part thereof, may be applied by the mortgagee at its option either to the reduction of the indebtedness hereby secured, or to the restoration or repair of the property damaged."

The plaintiffs kept the premises so insured until April 14, 1977. On instructions from the plaintiffs, Holyoke issued a policy effective on that date which omitted the name of Arlington as a loss payee. The building on the parcel was destroyed by fire on July 2, 1977. The fire resulted in damage of $22,203.52. Holyoke issued a check for that amount payable to the joint order of the plaintiffs, Arlington, the town of Groveland (town), and the plaintiffs' attorney. At the time of the fire and the insurance claim, the mortgage was in default, and the plaintiffs owed Arlington more than $22,203.52 on the note.

The plaintiffs filed an action against Holyoke, Arlington and the town asking for a declaration that neither Arlington nor the town has any interest in the plaintiffs' insurance claim and an order that a new check for $22,203.52 be issued by Holyoke payable solely to the order of themselves and their attorney. Arlington's counterclaim asserted that it was entitled to the proceeds of the check because the mortgage was in default and the outstanding balance exceeded the amount of the check issued by Holyoke. The judge ordered that Holyoke issue a check for $22,203.52 payable solely to Arlington. All other claims, counterclaims and cross claims were dismissed.

The plaintiffs argue that Arlington has no interest in the payment to be made to them under the insurance policy. We reach that contention after first addressing the question whether the plaintiffs were under any contractual obligation to insure the property for Arlington's benefit.

When a deed contains a provision that the grantee assumes and agrees to pay the mortgage to which the granted land is subject, the law implies a promise to perform that undertaking from the grantee's acceptance of the deed. *Flynn* v. *Kenrick*, 285 Mass. 446, 448 (1934). *Rhoades* v. *Secunda*, 296 Mass. 1, 3 (1936). It is apparent that the obligation thus assumed is governed by the terms of the mortgage to which the deed is subject.

The next question is whether the plaintiffs' obligation to insure created by their acceptance of the deed can be enforced by Arlington as well as by the plaintiffs' grantor. Whatever the law may have been before *Choate, Hall and Stewart* v. *SCA Services, Inc.,* 378 Mass. 535 (1979), it is now clear that Arlington, as an intended "creditor beneficiary" of the plaintiffs' contract with their grantor, may assert its rights against the plaintiffs directly. *Choate, Hall and Stewart, supra* at 536, 543-544, 546.

The plaintiffs argue that a mortgagee could not obtain an equitable lien under the circumstances of this case, citing *Stearns* v. *Quincy Mut. Fire Ins. Co.,* 124 Mass. 61 (1878). The present case was not tried, however, on an equitable lien theory, but rather on the basis of Arlington's counterclaim, which was in the nature of an action to reach and apply. An action to reach and apply is essentially a two-step process. "The first is the establishment of an indebtedness on the part of the principal defendant to the plaintiff. The second is the process for collecting the debt, when established, out of property rights which cannot be reached on an execution." *Stockbridge* v. *Mixer,* 215 Mass. 415, 418 (1913). *Bressler* v. *Averbuck,* 322 Mass. 139, 141 (1947).[5] Arlington's counterclaim alleges the existence of a debt due it from the plaintiffs and seeks to apply the proceeds of the insurance claim to the payment of that debt. More particularly, the counterclaim alleges, and the judge found, that the mortgage debt that the plaintiffs owed Arlington was in default, with a balance exceeding $22,203.52. Arlington has thus established a "debt", as that word is construed in actions to reach and apply, for a fixed amount which was immediately due and payable. See *Kilbourne*

---

[5] General Laws c. 214, § 3(6), as appearing in St. 1973, c. 1114, § 62, gives jurisdiction to the Superior Court and the Supreme Judicial Court of "[a]ctions by creditors to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor, within or without the commonwealth, which cannot be reached to be attached or taken on execution . . . ."

v. *Standard Stamp Affixer Co.*, 216 Mass. 118, 121 (1913); *Garsson* v. *American Diesel Engine Corp.*, 310 Mass. 618, 621-622 (1942).[6] As for the second requirement in an action to reach and apply, the right in the insurance policy is a property right of the plaintiffs which can be reached by Arlington in satisfaction of the debt owed. *Lewenstein* v. *Forman,* 223 Mass. 325, 326-327 (1916). The amount of the fire loss could not be attached by trustee process as Holyoke had issued its check on that amount and it would be necessary to have the check returned uncashed to Holyoke. G. L. c. 246, § 32, Fourth.

In his order for judgment the judge directed that the original check issued by Holyoke be returned to it and that a new check for $22,203.52 be issued to the order of Arlington. The judgment which was entered only ordered the payment of $22,203.52 by Holyoke to Arlington. The judgment is to be modified to conform to the judge's order, and, as so modified, is affirmed.

*So ordered.*

---

[6] Because of the mortgage debt established at the trial, we do not consider whether Arlington's claim for breach of the contract to insure would be sufficient to establish a "debt" in an action to reach and apply. See *Kilbourne* v. *Standard Stamp Affixer Co., supra; Garsson* v. *American Diesel Engine Corp., supra.*