BARBARA K. HAGER *vs.* EDWARD B. HAGER. June 24, 1981. This case was here before. *Hager* v. *Hager*, 6 Mass. App. Ct. 903 (1978). That appeal concerned a 1976 modification of the original divorce judgment because of fraud by the defendant. The case is before us now on an appeal by the defendant from two judgments (one of November 23, 1976, and one of September 22, 1978) awarding attorney's fees and costs. See G. L. c. 208, § 38. The defendant's appeals from other actions of the Probate Court do not present issues in addition to those treated below.

1. While the appeal from the 1976 modification was pending here, a judge in the Probate Court, on November 23, 1976, upon the plaintiff's

motion under Mass.R.Dom.Rel.P. 59 and 60 (1975), and presumably act-
ing under rule 60(b)(6), amended the judgment appealed from so as to in-
crease the $10,000 award of attorney's fees to $17,500, to insert the sum of
$6,542.73 as the total costs due the plaintiff (the judgment provided for
costs but had not stated the amount) and to insert the amount of $37,000
as a credit in place of an unspecified credit due the defendant against a
lump sum award of $250,000. It was not within the judge's power to
make the November 23, 1976, modification while an appeal from the
judgment was pending. *Krock* v. *Electric Motor & Repair Co.*, 339 F.2d
73, 74 n.1 (1st Cir. 1964). *Commonwealth* v. *S.S. Zoe Colocotroni*, 601
F.2d 39, 41-42 (1st Cir. 1979). Mass.R.Dom.Rel.P. 60(a). See *Farley* v.
*Sprague*, 374 Mass. 419, 423-424 (1973); *Averbuck* v. *Stoller*, 4 Mass.
App. Ct. 791 (1976). The judgment as affirmed in *Hager* v. *Hager*,
*supra*, is to stand unaffected by the attempted modification.

   2. During the pendency of the prior appeal and thereafter, various
proceedings, primarily concerning the children, were held in the Probate
Court. The court had jurisdiction under G. L. c. 208, § 38, to award at-
torney's fees and costs to the plaintiff for those proceedings which were
subsidiary to the divorce (*Nelon* v. *Nelon*, 329 Mass. 643 [1953]), as those
matters were pending on September 22, 1978, the date of the judgment.
From the fraud underlying the original judgment (see 6 Mass. App. Ct.
903 [1978]), through the litigation leading to its modification and the
litigation to enforce the judgment as modified, and through the ongoing
litigation concerning the upbringing of the children, to the present action,
this case has been remarkable for the combativeness of the parties, par-
ticularly the defendant, and their willingness to go to court at the drop of
the proverbial hat. We see no reason to have cluttered the proceedings
further with motions for counsel fees as to each distinct matter. In these
circumstances, the series of petitions and other filings with the court
which related to matters concerning the children is best viewed as one
continuous proceeding, unified by the parties' litigious nature; and, as
such, was pending at the time of the judgment awarding fees and costs
(See *Fuss* v. *Fuss* [*No 1*], 372 Mass. 64, 70-72 [1977]. See generally
*Untersee* v. *Untersee*, 299 Mass. 417, 424 [1938]; *Gillis* v. *Gillis*, 8 Mass.
App. Ct. 48, 49-50 [1979]), and it was not necessary for the judge to
specify the particular proceedings giving rise to the total amounts award-
ed in that judgment. Compare *Meyer* v. *Meyer*, 335 Mass. 293, 301
(1957).

   The judge included in the amounts awarded in the September 22,
1978, judgment $4,974.11 as costs of printing the briefs and reproducing
the transcript and appendix on the prior appeal (Mass.R.A.P. 26) and an
unspecified amount for fees for services in that appeal. At the time of the
September 22, 1978, judgment, the plaintiff's petition for rehearing
(Mass.R.A.P. 27, 365 Mass. 874 [1974]) and the matter of costs of appeal
were still pending before this court, and the rescript could not properly

have been issued to the Probate Court. (See Mass.R.A.P. 23, as amended 367 Mass. 921 [1975].) Since the appeal was pending at the time of the September 22, 1978, judgment, it was within the court's power to include in its judgment an amount for the costs and fees relating to the appeal. *Nelon* v. *Nelon, supra* at 644. We note that the power to award costs and fees of appeal during the pendency of the appeal is a different matter from the power to modify a judgment which has been appealed, as discussed in part 1, *supra*.

The total amounts awarded by the September 22, 1978, judgment were $16,650 as fees and $17,581.04 as costs. Upon our examination of the record, which includes lengthy excerpts from the transcript of four days of hearings on the issue of fees and costs, we find nothing to indicate that the amounts awarded were excessive (see *Madden* v. *Madden,* 363 Mass. 884 [1973]) or improperly assessed against the defendant, particularly in light of the comparative ability of the parties to pay such expenses. *Hano* v. *Hano,* 5 Mass. App. Ct. 639, 642 (1977). *Zildjian* v. *Zildjian,* 8 Mass. App. Ct. 1, 17 (1979). As the hourly rate of $60 agreed upon between the plaintiff and her attorney was expressly limited by "her lack of ability to pay more," it did not, as contended by the defendant, put a ceiling on the rate at which the defendant could be assessed, in this case $75 an hour.

Despite the defendant's argument to the contrary, there is precedent for the award of fees paid to other counsel (here a total of $10,711.25) as costs. Compare *Boynton* v. *Tarbell,* 272 Mass. 142, 144-145 (1930). See *Hayden* v. *Hayden,* 326 Mass. 587, 594 (1950); *Meyer* v. *Meyer,* 335 Mass. 293, 301 (1957); *Bournewood Hosp., Inc.* v. *Massachusetts Commn. Against Discrimination,* 371 Mass. 303, 312 (1976). These fees were paid by the plaintiff's attorney to other attorneys for their assistance in this matter. Even if the award for such fees as costs was not appropriate, had the matter been brought to the attention of the judge (there is no indication in the record that it was), it easily could have been altered and the amounts awarded as attorney's fees. We fail to see how the defendant was harmed by such designation. Compare *White* v. *New Hampshire Dept. of Employment Security,* 629 F.2d 697, 700-704 (1st Cir. 1980).

The judgment of November 23, 1976, is reversed, and the judgment of September 22, 1978, is affirmed. Neither party is to have costs of this appeal.

*So ordered.*

*Mary Allen Wilkes* for the defendant.
*John J.C. Herlihy* for the plaintiff.