NANCY E. DORGAN & another[1] *vs.* PYRUS A. LOUKAS & another.[2] January 31, 1985. *Landlord and Tenant,* Repairs, Habitability, Security deposit. *Damages,* Attorney's fees.

Except for a possible cavil regarding the award of fees for the plaintiffs' (tenants') attorneys, this appeal of the defendants (landlords) is without merit.

1. The defendants were seriously at fault in failing to bring the plaintiffs' apartment into habitable condition and to keep it so. Most grievous among the defects was the lamentable condition of the oil fired furnace and connected heating apparatus, which was supposed to deliver clean heat to the apartment, but in fact corrupted it and all within it with clinging soot. Responsibility in the matter, fastened on the landlord by the State Sanitary Code, 105 Code Mass. Regs. 410.200 (A) (1983), could not be shifted from the defendants' shoulders by the mere fact that it was left to the tenants to arrange and pay for heating oil and routine oil burner maintenance. See *Boston Housing Authy.* v. *Hemingway,* 363 Mass. 184, 199 (1973); *Young*

---

[1] Judith Greener, cotenant.

[2] Pauline M. Loukas, his wife, coowner.

v. *Garwacki,* 380 Mass. 162, 168 (1980). A full case was made out against the defendants under the consumer protection law, G. L. c. 93A, § 2, stemming from their violations of the Attorney General's regulations regarding rental of dwelling units in improper condition, 940 Code Mass. Regs. 3.17 (1981), and under § 9(3) of c. 93A for the defendants' bad-faith failure to respond to the plaintiffs' demand letter.[3] Pursuant to the judge's comprehensive findings of fact (after a two-day bench trial) the damages were computed by taking the agreed monthly rent ($210) as fair value, had the apartment been free of violations, subtracting from this base the rent justly payable for the apartment in its actual condition across the period of the tenancy (August 1, 1977, to August 31, 1978), trebling the resulting figure, and then adjusting for rent withheld. The total assessed was $3,450.[4]

2. The judge correctly allowed multiple damages ($328.06 plus interest accrued) for the defendants' failure to return the plaintiffs' security deposit after termination of the tenancy, as required by G. L. c. 186, § 15B.

3. Also allowed was a total of $2,000 for emotional distress. This injury was found to be a consequence of the defendants' wrongful acts and omissions in maintaining the apartment, see G. L. c. 186, § 14. The damages were not duplicative of the recovery under c. 93A, because the latter statute was limited, at the time of the events in suit, to "loss of money or property, real or personal." § 9(1), as amended through St. 1971, c. 241. See *Wolfberg* v. *Hunter,* 385 Mass. 390, 396-397 (1982). (The present language of § 9(1) differs; we express no opinion on its scope.) There was nothing in the defendants' contention that the plaintiffs had brought their distress on themselves by wrongfully keeping the defendants out of their apartment, thus preventing them from making improvements.

4. The judge allowed fees for plaintiffs' attorneys under G. L. c. 93A, § 9(4), in the amount of $9,695. The question is raised whether, at any stages of the case where two attorneys appeared for the plaintiffs and compensation for both was claimed and allowed, one attorney could reasonably have done the job. See *Hager* v. *Hager,* 12 Mass. App. Ct. 887, 889 (1981); *Grendel's Den, Inc.* v. *Larkin,* Nos. 84-1313, 84-1314, slip op. at 8, 15-16 (1st Cir. Dec. 5, 1984). The judge, with intimate knowledge of the matter, may well have considered and implicitly answered the question in making the allowance, but he did not advert to it expressly in his findings. We cannot respond to the question independently. Out of abundant caution, we hold that the judge on remand should deal with the question, with liberty

---

[3] The defendants were also found, with respect to the condition of the apartment, to have violated the implied warranty of habitability (see *Boston Housing Authy.* v. *Hemingway, supra*) and the covenant of quiet enjoyment (see c. 186, § 14), but recovery was allowed on c. 93A as covering the ground of the other two claims and being the largest of all. See *Wolfberg* v. *Hunter,* 385 Mass. 390, 401 (1982). A counterclaim for unpaid rent was properly dismissed.

[4] The plaintiffs' recovery throughout was divided equally between the two plaintiffs.

in his discretion to receive further evidence. At the same time the judge should fix reasonable fees in favor of the plaintiffs for the work of their counsel on this appeal.

The judgments appealed from will be affirmed, except as indicated with respect to attorneys' fees.

So ordered.

*Christom G. Larsin* for the defendants.

*Kenneth L. Phalan* (*John F. Dargin, Jr.*, with him) for the plaintiffs.