SPRINGFIELD REDEVELOPMENT AUTHORITY *vs.* JOSE GARCIA
& others[1] (and a companion case[2]).

No. 96-P-1551.

Hampden. December 12, 1997. - March 16, 1998.

Present: BROWN, DREBEN, & KASS, JJ.

*Practice, Civil,* Relief from judgment, Action to reach and apply. *Rules of Civil Procedure.*

Where a defendant in a land damage claim, a creditor of the owner of the property taken by eminent domain, failed to appear and did not appeal the dismissal of that complaint, he was barred from further attempts to assert his claim in a motion for relief from judgment in the land damage case or in a separate action in which the taking authority had sought to interplead him. [434-436]

A creditor who held a valid execution against the owner of certain property properly brought an action to reach and apply the owner's share of a judgment in a land damage case involving that property and the creditor was not precluded from recovery against the owner by his failure to have asserted his claims in the land damage case. [436-437]

CIVIL ACTIONS commenced in the Superior Court Department on November 21, 1994, and January 22, 1996, respectively.

The cases were heard by *Bertha D. Josephson,* J., on motions for summary judgment.

*Alan M. Katz* for Jose Garcia.

*William K. Danaher, Jr.,* for Robert F. Savoy.

DREBEN, J. With the assent of the parties, two appeals were consolidated by this court in an attempt to bring to an end the litigation concerning an agreement for the purchase of the Hotel

---

[1]The captioned case is Superior Court No. 94-1655. The only other defendant filing a brief on appeal was Robert F. Savoy, trustee of the Hotel Charles Trust.

[2]Jose Garcia *vs.* Robert F. Savoy, trustee of the Hotel Charles Trust, & Springfield Redevelopment Authority (Superior Court No. 96-108).

Charles in Springfield and the allocation of proceeds resulting from a subsequent taking of the hotel property by eminent domain by the Springfield Redevelopment Authority (SRA).[3]

1. *Proceedings in prior land damage case.* To understand the appeals before us, a discussion of the proceedings in the earlier land damage (eminent domain) case is necessary. Before title was conveyed under the agreement to purchase the hotel, the SRA took the hotel by eminent domain. The nominee (Roche) of the purchaser sought a determination of entitlement to the award and an award of damages under G. L. c. 79. He joined as defendants all parties who had an interest in the real estate including two who had commenced separate proceedings against the SRA for damages.[4] Although Jose Garcia, a judgment creditor of Robert F. Savoy, trustee of the Hotel Charles Trust, was named as a defendant and was served at his last known address, he no longer lived there, and his claim, among others, was dismissed for failure to appear or file pleadings. Judgment entered on June 21, 1993, awarding damages, allocating them between Roche and Savoy and others, and setting forth the amounts to be deducted from Savoy's share. The latter's share was to be subject to attorney's fees and "other claims not adjudicated herein." Three of the parties, but not Garcia, filed appeals to this court.

While those appeals were pending, Garcia filed a motion in the Superior Court for relief from the judgment of dismissal. Garcia's motion was denied on April 20, 1994, with the following notation:

> "This is denied without prejudice to Mr. Garcia pursuing any claim against SRA for recovery directly against them alone but not to disrupt the judgment in this case at this late date."

After the affirmance of the judgment in the land damage case by this court in August, 1994, *Roche* v. *Springfield Redev. Authy.*, 37 Mass. App. Ct. 1108 (1994), the trial judge revised the judgment in accordance with the rescript of this court and

---

[3]Litigation has continued for more than ten years, and has, in addition to these two appeals, spawned three previous appeals to this court, see *Yiakas* v. *Savoy*, 26 Mass. App. Ct. 310 (1988); *Roche* v. *Springfield Redev. Authy.*, 37 Mass. App. Ct. 1108 (1994); *Roche* v. *Springfield Redev. Authy*, No. 96-P-629 (Jan. 7, 1998) (appeal dismissed).

[4]The three cases were consolidated in the Superior Court.

an agreement of the parties. Judgment entered on July 5, 1995, and ordered payment of certain sums to Roche, Savoy, and others, with the shares of Roche and Savoy expressly made subject to amounts due to specified persons or entities. Garcia's claim was not listed.

In a memorandum dated April 22, 1995, ordering final judgment, the judge stated:

> "[F]inal judgment should be entered in this case covering the issues and parties whose rights were adjudicated June 21, 1993. The fact there may be other claims or remedies sought dependent on the money to be received as a result of the judgment of June 21, 1993 should not delay entry of a judgment in these cases, and this court makes no award or judgment on the issues raised in Springfield Redevelopment Authority's suit 94-1655."

2. *Present appeals.* The action referred to in the memorandum (Superior Court No. 94-1655) was one brought in November, 1994, by the SRA, after the denial of Garcia's motion for reconsideration. The SRA sought to interplead the claimants, primarily Jose Garcia, who had not appeared in the land damage action and whose interests, the SRA asserted, might not have been adjudicated in the land damage case.[5] A Superior Court judge denied Garcia's motion for summary judgment, and dismissed the SRA action at the behest of Savoy and others. Before us is an appeal by Garcia from the dismissal of that action. The second appeal before us is by Robert Savoy, trustee, from a judgment (Superior Court No. 96-108) allowing Garcia's motion for summary judgment to reach and apply Savoy's share of the judgment in the land damage case. We affirm both judgments which were entered by the same Superior Court judge.

a. *Dismissal of the interpleader action.* The Superior Court judge ruled that the judgment dismissing Garcia's claim in the land damage case was a final adjudication. Since Garcia was a named and served party-defendant in that case, an action against the SRA could not be brought to subject Savoy's share to Garcia's claim. We agree.

Garcia's reliance on the notation on the motion for relief from judgment is misplaced. Under Massachusetts practice, in the absence of leave from an appellate court, a trial judge lacks

---

[5]The amounts owed by the SRA to Savoy were paid into the Superior Court.

jurisdiction to entertain a motion under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), while the judgment is pending on appeal. See *Commonwealth* v. *Cronk*, 396 Mass. 194, 197 (1985); *Bernard* v. *United Brands Co.*, 27 Mass. App. Ct. 415, 417 n.6 (1989). See also *Chapman* v. *University of Mass. Med. Ctr.*, 423 Mass. 584, 585, 587-589 (1996); *Wilkinson* v. *Guarino*, 19 Mass. App. Ct. 1021, 1023-1024 n.6 (1985); *Doe* v. *Roe*, 32 Mass. App. Ct. 63, 70 (1992), and cases cited.

The extent of the power of a trial judge to consider a rule 60(b) motion pending appeal has been treated more extensively in the Federal courts than in Massachusetts. The earlier Federal cases took the view that a Federal District Court had no power to consider a motion under that rule after a notice of appeal had been filed. 11 Wright, Miller, & Kane, Federal Practice and Procedure § 2873, at 430 (2d ed. 1995 & Supp. 1997). The authors of that treatise suggest that the better view — a position that, according to 12 Moore's Federal Practice par. 60.67[2][b] (3d ed. 1997), is the view of all the Federal Circuits except the Ninth Circuit — is that a District Court may deny the motion while an appeal is pending. If, however, the lower court is inclined to grant the motion, the appellate court should be asked for leave for the lower court to act.

The reason for this approach is that the denial of a motion for relief from judgment does not affect the judgment on appeal, while the allowance of such a motion may render the appeal moot or otherwise affect the issues before the appellate court. Here, the trial court judge did purport to affect the rights of the parties, i.e., the finality or the effect of the judgment on SRA. If the notation were operative, SRA could not rely on the judgment even after appeal and would have to file, as it did here, another action. Thus it would seem that, even under the modern Federal practice, the trial judge in this case was without power, in the absence of leave from the appellate court, to allow Garcia to proceed once more against the SRA. Cf. *Hager* v. *Hager*, 12 Mass. App. Ct. 887, 888 (1981) (trial judge may not modify judgment while an appeal is pending). But see *Stone* v. *Immigration & Naturalization Serv.*, 514 U.S. 386, 401 (1995). Moreover, as noted by the motion judge in the interpleader action, the notation in the land damage case specifically prohibits

any claim of Garcia from "disrupting the judgment in this case at this late date."[6]

Accordingly we hold that the judge did not err in dismissing the interpleader action. The only claim, that of Garcia, was barred by the prior adjudication from which he did not appeal. The notation on the motion denying reconsideration did not, in the circumstances, give him the right to renew the claim against SRA.

b. *Action by Garcia to reach and apply.* This was an action brought by Garcia against Savoy to reach and apply Savoy's share of the judgment entered in the land damage case. The judge who, as we have indicated, was the same judge who had dismissed the SRA interpleader action, allowed Garcia's motion for summary judgment. Garcia had several years earlier obtained an execution against Savoy, trustee of the Hotel Charles Trust, following a jury trial and verdict in Garcia's favor. Savoy had paid nothing towards satisfaction of the execution.

As the judge noted, citing *Papamechail* v. *Holyoke Mut. Ins. Co.*, 8 Mass. App. Ct. 849, 852 (1979):

> "An action to reach and apply is essentially a two-step process. 'The first is the establishment of an indebtedness on the part of the principal defendant to the plaintiff. The second is the process for collecting the debt, when established, out of property rights which cannot be reached on an execution.' *Stockbridge* v. *Mixer*, 215 Mass. 415, 418 (1913). *Bressler* v. *Averbuck*, 322 Mass. 139, 141 (1947)."

The judge, concluding that both steps were here met, rejected Savoy's claim that the final judgment in the land damage case, together with the denial of Garcia's motion for relief from judgment, barred Garcia from this claim on principles of issue or claim preclusion. The judge held that the dismissal of Garcia's claim to the eminent domain proceeds:

> "served only to prohibit Garcia from 'disrupting the judgment' in the land damage case. The issue of whether Gar-

---

[6]The judge in dismissing the interpleader action interpreted the judge's notation on the motion for relief from judgment in the land damage case to mean that Garcia was not precluded from pursuing an *independent* claim against SRA *on other grounds*. If that interpretation is incorrect, the judge, as we have stated, was without jurisdiction to add the notation to revive the same claim.

cia was entitled to enforce his execution against a judgment in Savoy's favor [in the land damage case] was neither litigated nor decided in the land damage case. Therefore, Garcia's reach and apply action is not barred by the disposition of that case."

We agree. If Savoy had other assets, there is no question that Garcia, a judgment creditor, could proceed against those assets. That he may be barred from asserting a direct right against the SRA, or that he has lost his lien against the real estate, does not preclude him from pursuing his debtor. This result is also consistent with the April 22, 1995, memorandum ordering judgment and the ensuing judgment in the land damage case, affirmed by this court, which provided that Savoy's share was to be subject to unadjudicated claims.

Although Savoy raises other objections, we, as did the Superior Court judge, consider them to be without merit.

The SRA opposed Garcia's motion to the extent that it would require any payment of funds to Garcia other than those deposited in court. See note 5, *supra*. The judge, in granting Garcia's motion, expressly stated that:

> "the scope of the decision extends no further than the judgment entered in Savoy's favor. This reach and apply action covers only the judgment debt owed to Savoy from SRA, and does not allow the plaintiff to recover against SRA for any deficiency that may arise from future proceedings."[7]

As we see no error in either judgment, the judgments in Superior Court Nos. 94-1655 and 96-108 are affirmed.

*So ordered.*

---

[7]The judge added the following sentence. "If such a situation were to occur, the plaintiff would be required to proceed against the SRA directly." Any such claim against the SRA would have to be on other grounds. See note 6, *supra*.