**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

v.

**CAMILLERI BROS. CHEVROLET OF HOLYOKE, INC., Camilleri Bros., Inc. d/b/a C & C Subaru, Thomas Camilleri, Richard Camilleri, Individually, Sovereign Bank, Massachusetts Business Development Corporation and The Bank of Western Massachusetts, Defendants.**

No. Civ.A. 98–40128–NMG.

United States District Court,
D. Massachusetts.

Feb. 26, 2002.

Paul M. Harris, Gadsby & Hannah, Boston, MA, for plaintiff.

Frank P. Fitzgerald, Frank P. Fitzgerald, P.C., Stephanie A. Fitzgerald, Spring-field, MA, Peter Q. Montori, Westfield, MA, for defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

This action arises out of the liabilities and obligations of Chevrolet of Holyoke, Inc. ("Chevrolet") (now in bankruptcy) to General Motors Acceptance Corporation ("GMAC"). GMAC brought the present suit against Chevrolet, Camilleri Bros., Inc. d/b/a C & C Subaru ("Subaru") and Thomas and Richard Camilleri ("Camilleri Brothers"), alleging 1) a breach of contract claim against Chevrolet, 2) a claim against the brothers as guarantors, 3) claims to reach and apply the brothers' shares in Subaru and proceeds received from the sale of Subaru, and 4) fraudulent transfer claims pursuant to M.G.L. c. 109A against all defendants. Litigation against Chevrolet is presently stayed pursuant to the involuntary bankruptcy proceeding against it.

In addition to the preceding claims, GMAC subsequently amended its complaint to bring claims against Subaru's secured creditors as defendants; this Court, pursuant to its August 14, 2000 Order, allowed the secured parties' motion to dismiss.

Pending before this Court is the plaintiff's Motion for Summary Judgment for (1) claims against Richard and Thomas Camilleri as guarantors of Chevrolet's obligations to GMAC (count II of the amended complaint) and (2) claims to reach and apply the brothers' shares in Subaru and proceeds received in Subaru's sale (counts III and IV of the amended complaint) (Docket No. 70). Pending a favorable resolution of its motion, GMAC has informed this Court that it will dismiss its fraudulent transfer claims without prejudice to expedite the resolution of this matter. In

lieu of a response, defendants filed a joint status report on settlement stipulating that they will not oppose the plaintiff's summary judgment motion with regards to liability or damages (Docket No. 72).

## I. Background

GMAC is engaged in the business of extending credit to automobile dealers for the acquisition and maintenance of automobile inventories. GMAC loaned Chevrolet $2,000,000 to acquire inventory and, in connection with that loan, GMAC executed three documents setting forth Chevrolet's liabilities and obligations: (1) Loan Agreement of August 18, 1995, (2) Wholesale Security Agreements, (3) Promissory Note in the principal amount of $2,000,000 of August 18, 1995. GMAC further retained a first-priority security interest in all new and used vehicles owned by Chevrolet. Thomas and Richard Camilleri, the respective parties in control of Chevrolet's inventories, guaranteed all of Chevrolet's obligations to GMAC.

As of June 18, 1998, Chevrolet's inventory consisted of 77 vehicles with an aggregate secured balance of approximately $1,075,000. Without GMAC's knowledge, Chevrolet closed its business eight days later and thereafter Chevrolet and the Camilleri brothers sold 36 vehicles with an aggregate secured balance of $682,685. In clear violation of their loan agreement, defendants failed to make any payment to GMAC. GMAC alleges that the Camilleri Brothers instead conveyed proceeds of those sales to C & C Subaru, a dealership in which they each retained a fifty percent beneficial interest.

## II. Discussion

### A. Summary Judgment Standard

The purpose of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (*quoting Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The moving party bears the burden of demonstrating "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists if a reasonable fact finder could resolve that issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Once the moving party has demonstrated that no genuine issue of material fact exists, the burden of production shifts to the non-movant to present specific facts showing that there is indeed a triable issue. *Matos v. Davila*, 135 F.3d 182, 185 (1st Cir.1998). The Court must view the record in the light most favorable to the non-moving party, and if the Court subsequently determines the no genuine issue of material exists, summary judgment is proper. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993).

In the case of an unopposed summary judgment motion, the Court, before entering judgement in favor of the moving party, must determine that the moving party has set forth uncontroverted facts demonstrating that it is entitled to summary judgment as a matter of law. *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir.1989). Federal Rule of Civil Procedure 56(e) provides that "if the adverse party does not [oppose the motion], summary judgment, *if appropriate*, shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (emphasis added). The First Circuit Court of Appeals has unequivocally stated that the failure of the non-movant to file an opposition does not alone justify entry of summary judgment. *Mullen v. St. Paul Fire*

*and Marine Ins. Co.*, 972 F.2d 446, 452 (1st Cir.1992) (collecting cases).

In the present case, GMAC contends that it is entitled to summary judgment on several grounds. This Court assesses each claim on an individual basis.

### 1. Whether the Camilleri Brothers' Guaranty Extends to Chevrolet's Breach of Contract Claim

GMAC asserts that Richard and Thomas Camilleri are liable for Chevrolet's outstanding liabilities and obligations. Namely, in June 1998, Chevrolet sold inventory for which GMAC had advanced $682,685, and Chevrolet has subsequently failed to pay GMAC for that loan in violation of its Loan and Wholesale Security Agreements.

On August 23, 1995, in order to secure GMAC financing, the Camilleri Brothers executed a Guaranty that provided in relevant part that they

> *unconditionally* guarantee the payment of all indebtedness of [Chevrolet] to GMAC, including any indebtedness of [Chevrolet] to GMAC arising in connection with GMAC's Installment Sales Finance Plan, together with all costs, expenses and attorney's fees incurred by GMAC in connection with any default of [Chevrolet].

The Guaranty, on its face, makes plain that the Camilleri Brothers are not only responsible for Chevrolet's outstanding debt of $682,685, but also for interest, expenses and attorneys fees stemming from the present suit. The defendants, for their part, make no overtures to suggest the Guaranty's invalidity in whole or part, but rather admit to having guaranteed the obligations of Chevrolet.

### 2. Whether it is Appropriate to Reach and Apply

GMAC alleges that its is entitled to reach and apply the Camilleri Brothers'

beneficial interest in the stock of Subaru and the other assets and proceeds of Subaru. In an action to reach and apply, the court must engage in a two-step process to establish (1) the indebtedness of the defendant and (2) the defendant has property that can be reached by the plaintiffs in satisfaction of the defendant's debt. M.G.L. c. 214 §§ 3(6) and (7); *Papamechail v. Holyoke Mut. Ins. Co.*, 8 Mass. App.Ct. 849, 397 N.E.2d 1153, 1156 (1979). In the present case, both prongs of that two-step inquiry are readily met. First, it is undisputed that the Camilleri Brothers owe GMAC $682,665 pursuant to their Guaranty of Chevrolet's debts. Secondly, the Camilleri Brothers, as the sole owners of the stock of Subaru, own property that can satisfy the monies owed to GMAC.

## III. Conclusion

Damages and liability in the instant case are not in dispute. The defendants, pursuant the provisions in the Guaranty executed on August 23, 1995, owe plaintiff $682,665 plus interest, expenses and attorney's fees. Under that Guaranty, GMAC is legally entitled to reach and apply (1) Camilleri Brothers' outstanding stock in Subaru and (2) any other assets and proceeds of Subaru to satisfy Chevrolet's outstanding debts to GMAC. Thus, the plaintiff's motion for summary judgment will be allowed.