Connor, John R, J.
The plaintiff Vera Lee was successful in past litigation brought against the defendants Jane Daniel and Mt. Ivy Press, L.P. stemming from Lee’s authorship of a book published by the defendants (MICV91998-02456). Her verdict, which was upheld on appeal, Lee v. Mt. Ivy Press, L.P., 63 Mass. 538 (2005), stands at $21,565,816.24, plus interest since June 22, 2005 (Exhibit A to Plaintiffs Statement in Support of Motion for Summary Judgment).
Lee has brought the present action in an attempt to secure that judgment, taking aim at a lawsuit that Daniel and Mt. Ivy have filed against their former counsel, Palmer & Dodge LLP (Essex Superior Court No. ESCV2004-01116). Lee’s complaint seeks to reach and apply the proceeds which might be secured in that action in order to satisfy the outstanding judgment in the prior Middlesex County litigation.
Lee has moved for partial summary judgment on her complaint, arguing that she is entitled to a judgment that she is entitled to reach and apply proceeds from the Essex County suit. She also argues that under principles of equity she is entitled to notice of any settlement or judgment on that action and to an order that the parties to that litigation be restrained from any settlement of the case without approval by Lee or by this Court. Written opposition was received from Palmer & Dodge, LLP, which appeared at the hearing on the motion, and from Daniel, pro se, who did not appear at the hearing.
Ruling
Motions for summary judgment pursuant to Rule 56 of the Mass. Rules of Civil Procedure are governed by the familiar standard which places upon the moving party the burden of establishing the absence of any material fact in dispute, such that that parly is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711-12 (1991). Where the moving party has established the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion for summary judgment. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
In seeking to secure payment on an indebtedness which is owed, a creditor may bring an action to reach and apply property of the debtor. Bethlehem Fabricators, Inc. v. H.D. Watts Co., 286 Mass. 556, 562 (1934), Sheffield Progressive, Inc. v. Kingston Tool Co., Inc., 10 Mass.App.Ct. 47, 51 (1980). Actions to reach and apply involve a two-step process, requiring the establishment of an indebtedness on the part of the principal defendant to the plaintiff, and second, the process for collecting the debt out of property rights which cannot be reached on an execution. See Springfield Redevelopment Authority v. Garcia, 44 Mass.App.Ct. 432, 436 (1998), citing Papamechail v. Holyoke Mutual Insurance Co., 8 Mass.App.Ct. 849, 852 (1979). In the present action, the moving party, Lee has established the indebtedness to her of both Daniel and Mt. Ivy Press by virtue of her status as a judgment creditor. See Sullivan v. First Mass. Financing Corp., 419 Mass. *482 783, 794 (1991). Her submissions also establish that the judgment remains unsatisfied and that she is entitled to proceed against the property interest which those defendants maintain in their lawsuit against their former counsel, Palmer and Dodge, LLP. Nolan and Sarorio, Equitable Remedies, M.P.S. Vol. 31, §384 at 523 (1993 ed.) (intangible property interest, represented by chose in action of debtor subject to action to reach and apply).
Daniel in her written opposition, while acknowledging the judgment outstanding against her, points out that damages which she is seeking against her former counsel exceed the dollar value of that judgment, and she argues that any order with reference to the motion should be limited to the value of Lee’s judgment. That position is well founded, and the limitation on the amount subject to this action to reach and apply is, therefore, limited to the amount of Lee’s judgment.
Lee argues that she is entitled to other remedies as part of this motion and she specifically seeks to be notified as to any settlement or other resolution of the claim against Palmer & Dodge, LLP. She further seeks an order that any such settlement be subject to approval of either herself or of the Court. She cites no case law in support of these requests, but argues that they are ancillary to the Court’s equitable authority on actions such as the present. Palmer & Dodge, LLP voices no objection to Lee’s being provided with notice of any resolution of its litigation with Daniel and Mt. Ivy Press, but objects to its ability to resolve that lawsuit being subject to control or oversight of either Lee or of this Court. Lee’s request on this issue stretches the benefit to which she may be entitled by virtue of the availability of the equitable action to reach and apply well beyond that which is legally cognizable. The right to secure satisfaction of her outstanding judgment against the principal defendants from the proceeds that may result from their presently unliquidated claim does not extend to control of the lawsuit itself and is not permissible.
Order
1.) Partial summary judgment is awarded to the plaintiff Vera Lee on so much of her claim that seeks to reach and apply the proceeds of any settlement or judgment payable to either Mt. Ivy Press, L.P. or Jane Daniel or both in the matter of Mt Ivy Press, L.P. and Jane Daniel v. Palmer & Dodge, LLP, John Taylor Williams, and Elaine Rogers, Essex Superior Court No. ESCV2004-01116, up to the amount of $21,565,816.24 plus then accrued interest. Such funds are ordered held for the benefit of the plaintiff Vera Lee, and the defendant Jane Daniel and the Reach and Apply defendant Palmer & Dodge, LLP are enjoined from dispersing the proceeds from any judgment or settlement without prior notice to plaintiff Vera Lee.