Fremont-Smith, Thayer, J.
In this case, the Court bifurcated Star Lane’s complaint and Simas’ counterclaim for trial, and the counterclaim was tried for twelve days in March 2010, resulting in a juiy verdict. The juiy found, in answers to special questions, that Star Lane had not been negligent in regard to Simas, and that Star Lane’s conduct did not constitute a material or substantial breach of the lease with Simas, but that it had committed a “material,” i.e., a “substantial,” breach of its warranty of habitability to Simas. The juiy awarded Simas $10,000 for the additional expenses he incurred as a result.[1]
Simas now seeks an award of damages and attorney fees on his c. 93A claim, which the Court had reserved for itself. In Cruz Mgmt. Co v. Thomas, 417 Mass. 782, 790-91 (1994), the Court said:
*367 Multiple damages under G.L.c. 93A. We agree with Thomas that the judge erred in failing to find a violation of G.L.c. 93A, §§2(a) and 9, based on the substantial and material breach of the implied warranty of habitability caused by the condition of the premises leased to her. See Dorgan v. Loukas, 19 Mass.App.Ct. 959, 959-60 (1985); Gilleran, The Law of Chapter 93A §9:6, at 263-64 (1989). See also Maillet v. ATF-Davidson Co., 407 Mass. 185, 193 (1990) (negligent breach of implied warranty of merchantability which is substantial violates c. 93A). Thomas is not entitled to an additional recovery of actual damages on this basis. See Simon v. Solomon, 385 Mass. 91, 109-11 (1982).
Under G.L.c. 93A, §9(3) (1992 ed.), a plaintiff prevailing on a c. 93A claim may be awarded “up to three but not less than two times [the actual damages] if the court finds that the use or employment of the act or practice was a willful or knowing violation ... or that the refusal to grant relief upon demand was made in bad faith.” Here, the judge found that Cruz Management made repeated attempts to repair the defects in the apartment, and that a number of defects were repaired, only to reoccur. It was open to the judge to conclude that conditions in the leased premises were attributable to negligent attempts at repair, and not to a knowing or willful disregard of the conditions in the apartment. Cruz Management’s attempts at repair also support the conclusion that there was no bad faith refusal to respond to the tenant’s complaints. Compare Brown v. LeClair, 20 Mass.App.Ct. 976, 980 (1985) (no investigation or other response after receipt of c. 93A demand letter). The judge was not required to award double or treble damages.
The juiy here found that there was a substantial and material breach (Verdict, answer to question No. 7). Although the question is a close one, the Court agrees and so finds. Although there was no admissible evidence of “cancerous mold” as Simas alleged, there was mold as to which Star Lane’s own experts recommended that remediation be done for an estimated cost of between $21,000 and $22,000. Relying on the expert’s conclusions that only common, household type mold was present, Star Lane neglected to have the work done,[2] although Star Lane knew that Simas claimed to have a sinus condition which made him particularly sensitive to mold.
Accordingly, the Court rules that Star Lane’s breach of the warranty of habitability constituted a violation of c. 93A. The Court finds, however, that Star Lane’s inaction was attributable to negligence rather than to a knowing and willful disregard of the conditions in the apartment. Cruz Mgmt. Co v. Thomas, supra at 791. It was unclear for instance, whether the recommended professional mold abatement was required. As noted above, the question whether there was less than 100 square feet of mold or contaminated wall surface at the house was a disputed fact at trial. While a close question, I find that it was not proven that Star Lane’s failure to have the recommended remediation done was a knowing or willful refusal to do what was known to Star Lane to be necessary for the protection of Simas’ health and safety.
While Simas contends that there were additional c. 93A violations, such as a failure to return the security deposit with interest and failure to supply him with a copy of the lease, these were not alleged in the amended counterclaim and were not litigated matters as to which the Court will make findings.
Accordingly, the Court finds that the $10,000 in damages already awarded to Simas fairly and reasonably compensates him for his damages resulting from the c. 93A violation. He is, however, entitled to an award of his reasonable attorney fees.

ORDER FOR JUDGMENT

The Court finds that Star Lane has violated c. 93A but awards no additional damages to what the jury has already awarded to Simas. Plaintiff shall serve a motion for award of attorney fees and supporting affidavits within 10 days, which, pursuant to Rule 9A, shall then be filed together with Star Lane’s opposition papers, with the Court. A hearing on that motion is scheduled for August 3, 2010 at 2:00 p.m.

 The evidence at trial was that Simas had vacated the leased premises because of water infiltration and mold, and had rented alternative living space.

 The Court does not credit Star Lane’s attempted justification that the total square footage of contaminated wall did not meet the threshold for required remediation.